## ELLIS *versus* WHITTIER.

The provision of R. S., c. 115, § 56, giving costs to the prevailing party, prevails in all cases, except when specially limited by some other statute.

And the *costs* in an action are controlled by the laws in force when the *judgment is rendered,* and not by those in force when the action *was commenced.*

Thus an action, commenced while. c. 97, § 15, R. S., was in force, is not affected by it, if the judgment in the action is rendered *after* the absolute repeal of that statute.

ON FACTS AGREED.

TRESPASS. The writ was dated Aug. 16, 1849, and contained two counts; one for breaking and entering plaintiff's close and taking a yoke of oxen and heifer, the other for taking the same property. The damages were laid at $100.

The question was merely as to costs.

In the late District Court, the plaintiff recovered a verdict at the December term, 1850, for taking the heifer only, $15,10, from which he appealed and recovered in the Su-

preme Judical Court for the oxen and heifer $73,30. But the jury found the defendant not guilty as to breaking the close.

Upon these facts the defendant claims costs since the appeal, and resists any claim of plaintiff for costs.

*J. S. Abbott,* for the defendant, to sustain his view of the case, relied upon the fact that the action was in the Supreme Court, on appeal, long before the enactment of c. 246, of laws of 1852, and that, therefore, the costs should be regulated by R. S., c. 97, § 15, and cited *Sawyer* v. *Bancroft,* 21 Pick. 210.

*Currier,* for plaintiff.

APPLETON, J. — By R. S., c. 115, § 56, it is enacted, that " in all actions the party prevailing shall be entitled to his legal costs." This general provision is to control in all cases, except when limited or restricted by some other statute.

By R. S., c. 97, § 15, which establishes the District Court and determines its jurisdiction, a limitation is imposed on the costs of the plaintiff, and they are allowed the defendant, in a certain event, in case of appeal. By R. S., c. 96, § 16, the appellate jurisdiction of the Supreme Judicial Court, is " subject to the provisions of the 15th § of c. 97." If R. S., c. 97, were now in force, it is obvious, that no question could arise. But by the Act of 1852, c. 246, " the Act establishing the District Court, and its jurisdiction, and all Acts additional thereto," were repealed, and the jurisdiction of that Court, was transferred to, and conferred upon the Supreme Judicial Court. The R. S., c. 97, was consequently, repealed by the Act of 1852, c. 246. But if the provisions as to costs arising under § 15, of that chapter, had been repealed, it is clear that the plaintiff would be entitled to his legal costs as the prevailing party. But whether the whole chapter or the particular section affecting costs be repealed, the result must be the same. There would not in either case be any valid and existing statute,

by virtue of which the general provisions of R. S., c. 115 which give the prevailing party costs, would be limited or restricted. Neither would there be any Act by which the defendant could claim to recover costs.

The decision in *Sawyer* v. *Bancroft*, 21 Pick. 211, has been relied upon by the learned counsel for the defendant. But that rests upon the construction of the repealing and saving clauses of the R. S. But in the Act of 1852, c. 246, there are no saving clauses whatever. It cannot therefore be deemed as applicable.

The rights of parties are not to be governed by statutes which are repealed, but by those which are in force when judgment is rendered. The costs of a pending action may be changed or modified by a statute passed during its pendency. In *Billings* v. *Segar*, 11 Mass. 340, the Court held, that an action commenced was subject to the provisions of a subsequent statute as to costs. In *Freeman* v. *Moyes*, 1 Ad. & El. 338, executors were held liable to costs in actions brought before the passage of the statute giving them. In *Commonwealth* v. *Cambridge*, 4 Metc. 35, the Commonwealth was adjudged liable to costs in consequence of the provisions of an Act passed during the pendency of the cause. Indeed, it is difficult to perceive how costs can be allowed or refused under the provisions of a repealed Act, when there is no saving clause to that effect in the repealing statute.

The plaintiff is entitled to tax his costs as the prevailing party since his appeal, and they are denied the defendant.

SHEPLEY, C. J., and TENNEY, RICE and CUTTING, J. J., concurred.