as he was either passive on the matter, or acted only at the instance of Pendleton, and the argument is, that if Giddings had no intent to give a preference then it is not possible that the defendants could have "had reasonable cause to believe that such payment was made (by him) in fraud of the provisions of the bankrupt act."

But it is undeniable that Giddings did consent to and did turn out the note against Pendleton to the defendants. He owed in all about $6,000, and the note he thus gave in payment to the defendants constituted the bulk of his available assets. What could he have meant but to give them a preference? By the payment to them the defendants secured a preference,—the lion's share of his assets, and this, too, when they knew he was insolvent, and had made acts which are acts of bankruptcy grounds for their attachment against him.

If under the circumstances these defendants can retain the advantage they sought to derive from the attachment and through that agency secured, manifestly the purpose of the bankrupt act, which is intended to prevent preferences and put all general creditors upon an equal footing, is subverted. See Linkman v. Wilcox [Case No. 8,374].

Affirmed.

## Case No. 5,406.

### GIER v. GREGG et al.

[4 McLean, 202.] [1]

Circuit Court, D. Illinois. June Term, 1847.

PRACTICE—STATUS OF CAUSE ON REMOVAL—AMENDATORY ANSWER.

1. A case removed from a state court, to the circuit court of the United States, stands, in the latter, as it did at the time of the removal in the former.

[Cited in Wolf v. Connecticut Mut. Life Ins. Co., Case No. 17,924; Moynahan v. Wilson, Id. 9,897.]

2. If an amendatory answer repeat what was said in the answer filed before, without varying the defense, it may be considered as impertinent, and will be referred to a master, etc.

In equity.

Mr. Butterfield, for plaintiff.

Mr. Chickering, for defendants.

OPINION OF THE COURT. This case was brought here from the circuit court of the state, and it is now before the court on exceptions to the answer. Leave was given at the last term to amend the answer. The counsel for the defendants [Gregg & Wald] contends that nothing is brought from the state court into this court, under the act of congress, but the process. The case, when removed from the state court to the circuit court of the United States, stands in the latter court as it stood in the former, before the

1 [Reported by Hon. John McLean, Circuit Justice.]

removal. The objection to the answer to the amended bill is, that it repeats what was said in the answer previously filed. In Story, Eq. Pl. § 868, it is said, that an answer to an amended bill is considered a part of the answer to the original bill. Therefore, if a defendant, in a further answer, or in an answer to an amended bill, repeats any thing contained in a former answer, the repetition, unless it varies the defense, in point of substance, or is otherwise necessary or expedient, will be considered as impertinent; and on reference to a master, such parts will be struck out. In section 875a the author says, "It may well be suggested whether the plaintiff has a right to dispense with the oath, and yet to make the answer evidence in his own favor as to all the facts which it admits, and exclude it as evidence as to all the facts which it denies." It would seem that the whole answer should be taken together, at least so far as one part may be explanatory of another, or have a direct bearing upon it. The court referred the answer back to the master, to state what part of the former answer, if any, is a full answer to the interrogatories in the amended bill.

[See Case No. 5,799.]

GIER (GREGG v.). See Case No. 5,799.

## Case No. 5,407.

### In re GIES.

[12 N. B. R. 179; 7 Chi. Leg. News. 379; 21 Int. Rev. Rec. 310; 1 N. Y. Wkly. Dig. 101.] [1]

District Court, E. D. Michigan. 1875.

BANKRUPTCY — ATTORNEYS OF BANKRUPT AS PREFERRED CREDITORS.

Attorneys of a voluntary bankrupt are not entitled to payment from the assets as preferred creditors for their services in preparing petition and schedules, but may prove their debt in the usual manner.

[Cited in Re Thompson, Case No. 13,938; Re Carstens, Id. 2,469.]

[In bankruptcy. In the matter of Frederick Gies.]

Petition for allowance from the bankrupt's estate of an attorney's fee of one hundred dollars for services in preparing debtor's petition and schedules in a case of voluntary bankruptcy; also for reimbursement of thirty dollars and seventy cents marshal's fee, advanced by petitioner.

BROWN, District Judge. The primary object of a debtor's petition being to obtain a discharge, the expenses of preparing petition and schedules have not been usually allowed as a preferred debt. Such seems to be the settled practice in most of the districts.

1 [Reprinted from 12 N. B. R. 179, by permission. 1 N. Y. Wkly. Dig. 101, contains only a partial report.]

Bump, Bankr. (7th Ed.) p. 225. It was so held in an early case in the Southern district of New York (In re Hirschberg [Case No. 6,530]), and the same principle was afterward applied to claims for services in preparing schedules in a case of involuntary bankruptcy (In re Bigelow [Id. 1,397]). See, also, In re New Lamp Chimney Co. [Id. 10,168]; In re Evans [Id. 4,552].

The question was fully discussed by the late Judge Hall in the case of In re Jaycox [Case No. 7,240], in which it was held that attorneys of the bankrupt were general creditors, and must prove their debt in the usual form for all services rendered prior to adjudication.

A contrary rule seems to have been adopted in Re Kennedy [Case No. 7,700]; but I am unable to say upon what ground this decision is placed, as the authority is not obtainable here. I have no doubt that an attorney may demand and receive a reasonable compensation before rendering his services, and that the payment therefor would be valid. I think he may also take a mortgage or other security for the payment of his fees, notwithstanding the contrary decision in the case of In re Evans [supra], provided that the claim be reasonable in amount and the security be taken before or at the time the services are rendered. In the case of In re Comstock [Case No. 3,074], the learned judge of the Western district decided that the debtor had a right to appear and defend himself against a petitioner in bankruptcy, and although unsuccessful in his defense the court had a right to allow him such expenses as might be just and proper, including attorney's fees, to be paid from the assets; but with the single exception of In re Kennedy, above cited, I know of no case where it has been held that the attorney of a voluntary bankrupt was entitled to payment from the estate for his services in preparing petition and schedules. So far as I am acquainted with the practice in this and other districts such claims have been almost universally disallowed. The clerk informs me that in two cases in this district an attorney was allowed his charges from the estate with the written assent of the assignee, but as these are the only instances, among some hundreds of voluntary petitions, and no decision was rendered upon the question, I do not think they ought to be regarded as precedents.

Whatever doubts, however, might have existed prior to the adoption of the new rules, with respect to such allowance, I think the practice is now put at rest by general order No. 30, which expressly states that "no allowance shall be made against the estate of the bankrupt for fees of attorneys, solicitors, or counsel, except when necessarily employed by the assignee, when the same may be allowed as disbursements." This rule is very broad, apparently embracing involuntary as well as voluntary cases, and I think should be applied to cases pending at the time of its adoption as well as claims thereafter accruing. Meigs v. Parke, 1 Morris (Iowa) 378; Ellis v. Whittier, 37 Me. 548; Billings v. Segar, 11 Mass. 340; McMasters v. Vernon, 4 Duer, 625. I am compelled, therefore, to disallow the claim for attorney's fees, although it is conceded in this case to be reasonable in amount.

I think, however, the court may make an order for the reimbursement of the amount paid to the marshal for his fees in giving the notices required by law (Bump, Bankr. p. 226), and it is so ordered.

---

## Case No. 5,408.

### In re GIFFORD.

[16 N. B. R. 135.][1]

District Court, W. D. Michigan. Aug. 4, 1877.

BANKRUPTCY—RIGHT TO DISCHARGE — CONSENT—INVOLUNTARY BANKRUPTCY.

1. In the absence of consent by creditors in voluntary cases, no matter when commenced nor when the debts were contracted, the assets must pay thirty per cent., or there can be no discharge.

[Cited in Re Townsend, 2 Fed. 562.]

2. In compulsory cases, if otherwise entitled thereto, the bankrupt is entitled to a discharge irrespective of the assent of creditors or the amount of his assets.

[In bankruptcy. In the matter of Haviland Gifford.]

Arthur Brown, for bankrupt.
Edwards & Sherwood, for creditor.

WITHEY, District Judge. Sept. 26, 1876, a voluntary petition was filed and an adjudication followed. Debts have been proved upon which the bankrupt is liable as principal debtor, all contracted prior to January, 1869. There were no assets. Under such a state of facts a discharge is asked. The law now in force applicable to the question is the 9th section of the act of June 22, 1874 [18 Stat. 178], which declares: "In cases of voluntary bankruptcy, no discharge shall be granted to a debtor whose assets shall not be equal to thirty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, without the assent of at least one-fourth of his creditors in number, and one-third in value; and the provision in section 33 of the act of March second, eighteen hundred and sixty-seven [14 Stat. 533], requiring fifty per centum of such assets, is hereby repealed." Section 21 of the same act repeals all acts and parts of acts inconsistent with the provisions of this act.

Nevertheless, it is contended for the bankrupt that the previous condition of the law, which gave a discharge as to all debts contracted prior to 1869, whether the assets pay anything or not, entitles this applicant to a