4   439
8   404
11*  566
32*  668

THOMAS HEPWORTH, SAMUEL HEPWORTH AND JAMES HEPWORTH, RESPONDENTS, v. DUNCAN GARDNER AND AUGUST CLAWSON, APPELLANTS.

COSTS.—STATUTE AT TIME OF JUDGMENT GOVERNS—A party to an action has no vested right to costs until the rendition of the judgment, and the statute as to costs in existence at that time will control the question.

ID.—ORGANIC ACT.—LEGISLATURE CANNOT IMPAIR JURISDICTION CONFERRED BY.—The organic act and the other acts of Congress constitute the fundamental law of the territory and where by such acts general common law and chancery jurisdiction is conferred on the district courts and concurrent civil jurisdiction on justices of the peace when the debt or sum claimed is less than three hundred dollars; a statute of the territory denying costs to a successful plaintiff in an action in the district court for the recovery of personal property of a value less than one hundred dollars, when such plaintiff would be entitled to costs in a justice's court, is void as tending indirectly to give justices of the peace exclusive jurisdiction in such actions.

ID.—JUDGMENT LESS THAN ONE HUNDRED DOLLARS.—Under section 907, of the Code of Civ. Proc. (Laws of Utah, 1884), it is in the discretion of the district court to allow costs to a successful plaintiff in an action for the recovery of personal property when the value of the property is less than one hundred dollars, or in an action for the recovery of money or damages, when the plaintiff recovers less than one hundred dollars.

APPEAL from a judgment of the district court of the third district. The sections of the Code of Civil Procedure bearing on the question are as follows:

"Section 904. Costs are allowed of course to the plaintiff, upon a judgment in his favor in the following cases:

\*       \*       \*       \*       \*       \*       \*

"2.   In an action to recover the possession of personal property when the value of the property amounts to one hundred dollars or over, such value shall be determined by the jury, court or referee, by whom the action is tried.

"3.   In an action for the recovery of money or damages, where plaintiff recovers one hundred dollars or over."

\*       \*       \*       \*       \*       \*       \*

"Section 907. In other actions than those mentioned in section 904, costs may be allowed or not, and if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court, but no costs can be allowed in an . action for the recovery of money or damages, when the plaintiff recovers less than one hundred dollars, nor in an action to recover the possession of personal property, when the value of the property is less than one hundred dollars.

"Section 818. The prevailing party in justice's courts is entitled to costs of the action, and also of any proceedings taken by him in aid of an execution, issued upon any judgment recovered therein."

The other facts sufficiently appear in the opinion of the court.

*Mr. Arthur Brown*, for the appellant.

The judgment for costs was unwarranted. At common law no costs were recoverable, and plaintiff can only claim to recover them by virtue of some statute: *The State* v. *Kinne*, 41 N. H., 240; Cox Common Law Prac., 128; *Wall* v. *Dodge*, 3 Utah, 171.

The costs exist only by statute. The statute must plainly give the plaintiff that right or he cannot recover judgment for them.

The suit in this case was commenced by filing a complaint on the 18th day of December, 1883. It was an action of claim and delivery, and the whole amount prayed for in the complaint was twenty-three sheep, of the value of $115, and $100 damages. The complaint did not give the district court jurisdiction to render judgment for costs, even if the whole cause of action had been confessed. The statute in existence at that time, section 473, Prac. Act, Comp. Laws, page 529, as amended by session laws of 1882, page 80, did not give the plaintiff the right to recover costs, as the whole amount of his claim, both for value of property and for damages, was less than $300. Before the trial, however, the statute of 1884 become in force (see laws of 1884, sec. 904, page 316,) and the plaint-

iff claims to recover costs by virtue of the latter statute. The statute in force at the time he commenced this suit must determine the right to costs: 91 N. Y., 514.

The plaintiff, not being entitled to costs when he brought his suit, can not gain by a delay in obtaining judgment: "*Joannes*" v. *Pangborn*, 6 Allen, 243.

The letter of the statute of 1884 expressly reserves all such rights as these we are now contending for, and leaves such questions in the same position that they were at the passage of the act of 1884: Act of 1884, page 380, sec. 1288.

Which saves from the repealing clause all rights, actions, and rights of action which had then accrued.

If the plaintiff, at that date, had an action pending in which he had a right to costs, the legislature did not intend to take it away by section 1288; and, on the other hand, if in an action pending then, the defendant had a right to recover his costs, the section 1288 intended to preserve that right to the defendant. Even under the statute of 1884, the plaintiff in this case was not entitled to costs. In actions for claim and delivery, plaintiff can, under that statute, only recover costs when the value of the property amounts to $100 or over, and when such value shall be determined by a jury, court or referee by whom the action is tried. The jury in this case did not determine the value nor was there anything in the verdict from which the value could be ascertained. This finding of value is an essential pre-requisite to the judgment for costs.

*Messrs. Woods & Hoffman,* for the respondents.

BOREMAN, J.:

The respondents (Hepworth, *et al.*) sued the appellants (Gardner, *et al.*) for the possession of 25 sheep, claiming ownership thereof, and alleging their value to be $115, and the damage for their detention to be $100. The appellant filed answer, the case was tried with a jury, and judgment entered for respondents. Thereupon appellants bring the case to this court.

The judgment was that respondents were the owners, and entitled to the possession, of three head of sheep, and that defendants (appellants) should deliver same to respondents, and, in case the delivery thereof could not be had, that respondents have and recover from the appellants the sum of fifteen dollars, the value, with damages in the sum of five dollars, together with respondents' costs, taxed at $180.30. The appellants claim that the judgment for costs is unwarranted; that the amount claimed and the amount recovered are each too small to carry costs in the district court; and that the case was one for the justice's court. The amount prayed for in the complaint was under $300. The appellant urges that, this being so, the district court did not have jurisdiction to render judgment for costs.

The territorial statute then exisiting specified that if the value of the property was less than $300 no costs could be allowed to plaintiff: Comp. Laws, 1876, pp. 529, 530; secs. 473, 476, Civil Pr. Act, as amended in Laws 1882, p. 80. But before judgment was entered in this case the statute had been changed so as to read "$100," instead of "$300." Laws 1884, pp. 316, 317, secs. 904, 907. The appellants urge that section 1288 of the Code of Civil Procedure (Laws 1884, p. 380) requires that the statute existing at the commencement of the action should control. That section (1288) repeals all laws in contravention with such Code, but saves and excepts all then existing rights. The appellants, however, did not, as to costs, have any rights existing when the repealing clause was enacted. No rights of costs accrued until judgment, which generally carries costs. Their allowance is dependant upon the judgment, and not upon the amount claimed; they are incident to the judgment. This is the general rule, and, according to the authorities, the accepted doctrine is that the statute in force at the time the judgment is rendered will control the question: *Ellis* v. *Whittier*, 37 Me., 548; *Meigs* v. *Parke*, 1 Morris, (Iowa), 378; *Billings* v. *Segar*, 11 Mass., 340; *McMasters* v. *Vernon*, 4 Duer, 625; *Stewart* v. *Lamoreaux*, 5 Abb. (N. Y.), Pr., 14.

In the case at bar, however, it is immaterial whether this

be true or not.   The organic act, and other acts of Congress, take the place of a constitution or charter, as the fundamental law of the local government of the territory: *National Bank* v. *Yankton Co.*, 101 U. S., 133.   These acts give the district court general original common-law and chancery jurisdiction, without regard to amount; but they authorize the giving of civil jurisdiction to justices of the peace concurrent with the district courts, when the sum claimed be less than $300.   The jurisdiction of the district courts being thus fixed by the acts of Congress, no act of the territorial legislature that militates against it can be upheld.   The territorial enactments are subordinate to the United States statute, and must be consistent therewith.   In various states—such as Massachussetts, Michigan, California and Nevada—we find statutes as to costs similar to ours, requiring that, where judgment in the higher court is for less than a specified sum, costs shall not be allowed.   But such statutes are made to support a constitutional or statutory provision giving justices of the peace exclusive jurisdiction up to a certain limit, below which costs are prohibited in the higher courts.

 As to the subject-matter of the action, the jurisdiction is generally dependant upon the amount claimed by the plaintiff.   This being the case, then, without some such provision regarding costs as we have referred to, in states where justice's courts have exclusive jurisdiction below a certain limit, parties might, in order to get their cases into the district courts, claim an amount above the jurisdiction of the justice's court, and above what they were really entitled to.   The object of the statute disallowing costs in such cases in the higher courts is to check and prevent this being done.   In the language of the supreme court of Massachussetts: "The purpose of the various statutes upon this subject has been to confine the party instituting an action to that particular tribunal to which jurisdiction thereof properly appertains, and, as a penalty for a failure in this respect, the party is subject to the loss of his costs:" *Joannes* v. *Pangborn*, 6 Allen, 243.

In states where justices of the peace have exclusive jurisdiction below a specified amount, such an object or pur-

pose is proper, and the statute prohibiting costs in the higher court is wise; but in this territory justices of the peace do not have exclusive jurisdiction in any sum, and hence it cannot be said in any case that the jurisdiction "properly appertains" to the justice's court any more than to the district court, nor that the imposing a penalty upon a party for preferring to bring his action in the district court is wise. Below a certain limit the jurisdiction of these courts is concurrent, and within such concurrent limit the legislature ought not to discriminate. The reasoning advanced, therefore, to uphold the prohibition of costs in the district courts, cannot apply in this territory.

The territorial legislature, in the face of the acts of Congress giving the district courts general jurisdiction in all amounts, could not, in terms, give justices of the peace exclusive jurisdiction in any sum. What the legislature could not do directly it could not do indirectly, by denying costs in one court and giving the same in another, when both courts have concurrent jurisdiction. The matter of costs is unquestionably a rightful subject of legislation by the territorial legislature, but, like every other such subject, the legislation upon it must be consistent with the organic act, and other acts of Congress. When the legislature fixes a penalty upon a party for bringing his action in the district court, and enacts a statute with the effect and object of forcing litigation in certain cases into justices' courts, when such courts have no jurisdictional authority in such cases other than that held by the district courts, it passes the limit of its legislative power, and its action to such extent is nugatory. By section 907 of the Code of Civil Procedure, (Laws 1884, p. 317) a general authority is given to the district courts to allow costs in "other actions" than those specified in section 904 of same Code. (Id. 316). The section thus referred to (904) merely defines the classes of cases in which a party will be entitled to his costs as of course, and provides that in cases like the one at bar the plaintiff will not have costs as of course, if the value of the property be less than $100. By the words "other actions," in section 907, no doubt, was intended such actions as were not provided for in section

904.   The cases where the value of the property amounted to less than $100 were not referred to nor provided for in such section.   As a consequence, we conclude that in such cases it was, under section 907, left discretionary with the court to allow or not to allow costs.   In saying this we are not unmindful that in said section 907, after the general clause referred to, it is declared that no costs shall be allowed in the district courts if the value of the property is less than $100.   But we have already seen that it is beyond the power of the legislature to discriminate in the matter of costs between two courts having concurrent jurisdiction of the subject-matter.   Hence the clause which purports to negative the general grant of power to allow costs is a nullity, and it was within the power of the district court to allow the costs in this case, no matter how small the value of the property.   The decision of this point disposes of the controlling question of the case, and consequently disposes of the whole case.

The judgment of the court below is therefore affirmed.

ZANE, C. J., and POWERS, J., concurred.