OLIVER H. DUDLEY, Respondent, v. GEORGE FACER and Others, Appellants.

Organic Act.— Constitutional Law.— Rightful Subject.—The question of costs in suits in equity is a rightful subject of legislation under the organic act of Utah Territory.

Statutory Construction.— Organic Act.— Territorial Law.— Costs.—The organic act of Utah Territory gives to the district courts original jurisdiction in all cases at law and equity. The territorial law provides that in all cases where title to land is involved the winning party shall recover costs; *held* that although one of the rules of equity is that costs are in the discretion of the chancellor, yet the territorial law in no way interferes with the exercise of full chancery jurisdiction.

Appeal from a part of a judgment refusing costs in the district court of the first district. The opinion states the facts except that § 9 of the organic act, 1 Comp. Laws of 1888, p. 44, provides the jurisdiction of district courts shall be as limited by law. But § 3 of the Poland bill, approved June 23, 1874, provides: "The district courts shall have original exclusive jurisdiction in all suits or proceedings in chancery, and in all actions at law in which the sum or value of the thing in controversy shall be three hundred dollars and upwards." The reference to the organic act in the opinion evidently ought to be to the Poland bill.

*Messrs. Evans and Rogers* and *Mr. Jacob S. Boreman,* for the appellants.

*Messrs. Smith and Smith,* for the respondent.

Blackburn, J.:

This suit is brought to quiet the title to a tract of land,

and defendants Facer and Woodland claim it, and in the pleadings and evidence their claims are set out. The court heard the case, and decided that the defendants Facer and Woodland owned the land in controversy, and dismissed the complaint, but did not give the defendants costs, and, from the order disallowing costs this appeal is taken. The appellents insist that this is a suit in which the title to land is involved, and that in such case the statute of the Territory determines the question of costs, and no discretion is left to the judge to refuse costs to the winning party. Section 904 of the Code ( p. 379, Comp. Laws) provides that costs shall be allowed of course to the plaintiff on a judgment in his favor in each of the following cases; and one of the following cases is in a case where the title to land is involved. Sub-section 5. Section 906 provides: "Costs must be allowed of course to the defendant in a judgment in his favor in the actions mentioned in § 904, and in special proceedings." The title to real estate is clearly involved in this case. Therefore, if the statutes are binding, the court erred in refusing costs. The question of costs is a rightful subject of legislation; only it cannot make a law in conflict with the organic act of the Territory. *Hepworth* v. *Gardner,* 4 Utah, 444, 11 Pac. Rep. 566.

But it is claimed that because the organic act provides that the district courts of the Territory shall have original jurisdiction in all cases at law and in equity, and because one of the rules of equity is that the chancellor would dispose of costs according to his discretion, therefore the provisions of the statutes of the Territory above cited are nugatory. We do not think so. The regulation by the territorial legislature of costs is not such a jurisdictional question as to interfere with the full exercise of the equity jurisdiction of the district courts. In the case of *Ely* v. *Railroad Co.,* 129 U. S. 291, 9 Sup. Ct. Rep. 293, the Supreme Court of the United States said that the terri-

torial legislature might, to some extent at any rate, regulate the jurisdiction in equity. That suit was brought by a man out of possession to have his title to real estate settled in a court of equity, claiming that he was the owner, and entitled to the possession. This suit could not have been brought in the courts of the United States under their equity jurisdiction, but the court says it was rightfully brought in the district court of the territory of Arizona, because the statutes of that territory allowed it to be done. We think, therefore, that the territorial legislature of Utah can regulate the question of costs in causes in equity. The cause is reversed and remanded, with directions to the district court to allow the defendant his costs.

ZANE, C. J., and BARTCH, J., concurred.