[L. A. No. 3502.   In Bank.—May 26, 1914.]

## In the Matter of the Estate of CHARLES PRAGER, Deceased.

APPEAL—COSTS OF APPEAL—AMENDMENT OF 1913 TO SECTION 1027 OF CODE OF CIVIL PROCEDURE—PRINTING BRIEFS.—Since the amendment, in 1913, of section 1027 of the Code of Civil Procedure, the prevailing party on appeal, except in case of a modification of the judgment, has an absolute rig..t to his costs, and the expense of printing briefs, to the limit of fifty dollars as fixed by that section, is included in the category of taxable costs.

ID.—RULES OF SUPREME COURT—OMISSION TO PROVIDE FOR COSTS.—The omission of the existing rules of the supreme court to provide for a judgment, to which the prevailing party is entitled under that section, cannot take away his right.

ID.—COSTS ON AFFIRMANCE—REMITTITUR SHOULD PROVIDE FOR.—Since the enactment of that amendment, *remittiturs* on affirmance, as well as on reversal, should include a judgment for costs of appeal in favor of the prevailing party.

MOTION to recall a Remittitur and for its correction by the insertion therein of a judgment for costs on appeal.

The facts are stated in the opinion of the court.

Trask, Norton & Brown, for Appellant.

O'Melveny, Stevens & Millikin, and Oscar Lawler, for Respondent.

THE COURT.—Upon an appeal by one of the devisees under the will of Charles Prager, deceased, from the decree of settlement of final account and of distribution, the decree was affirmed by this court. (*Estate of Prager*, 166 Cal. 450, [137 Pac. 37].)   The opinion was filed December 3, 1913, and became final at the expiration of thirty days from that date. Thereupon the clerk of this court issued to the court below a *remittitur*. This document did not include any judgment in favor of respondent for her costs on the appeal. She now moves for the recall of the *remittitur* and for its correction by the insertion therein of a judgment for such costs.

CLXVII Cal.—47

The action of the clerk was in accord with the rules of this court. Rule XXIII reads as follows: "In civil cases the clerk shall not be required to remit the final papers until the costs are paid. In all cases in which the judgment or order appealed from is reversed or modified, and the order of reversal or modification contains no directions as to the costs of appeal, the clerk will enter upon the record, and insert in the *remittitur*, a judgment that the appellant recover the costs of appeal." The rule, it will be observed, directs the incorporation of a judgment for costs only where this court has modified or reversed the judgment or order appealed from. The clerk is not directed to include judgment for costs where the appeal has resulted in an affirmance.

The latest revision of our rules became effective on March 18, 1912. At that time section 1027 of the Code of Civil Procedure read as follows: "In the following cases the costs of appeal is (are) in the discretion of the court:

"1. When a new trial is ordered;

"2. When a judgment is modified."

There was then no statutory definition of items properly chargeable as costs of appeal. Rule XIII of this court provided, as it does now, that the expense of printing transcripts or other papers constituting the record and required to be printed, should be allowed as costs. The clerk of the court was, and is, required by section 752 of the Political Code to collect a fee for filing the transcript in a civil case, this fee being in full for all services rendered up to the rendering of the judgment, or the issuing of the *remittitur*, when no petition for rehearing has been filed. There was, when the rules of this court were last revised, no provision of rule or statute authorizing the taxing as costs of the expense of printing briefs, and no fee was imposed for filing briefs. The settled practice was that the expense of printing briefs was not chargeable as costs. The taxable costs above enumerated, viz.: the expense of printing transcript, and the fee for filing the transcript (as well as the fee of the clerk below for certifying the transcript, provided for in rule XI), were all incurred in the first instance by the appellant. The respondent had not been put to any expense chargeable as costs, and for this reason there was no occasion to provide by rule for a judgment

allowing costs on appeal to a respondent in case of affirmance.

But, in 1913, [Stats. 1913, p. 1033], section 1027 of the Code of Civil Procedure was amended, so as to read as follows: "The prevailing party on appeal shall be entitled to his costs excepting when judgment is modified, and in that event the matter of costs is within the discretion of the appellate court. The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal and the preparation of the record for the appeal, including the costs of printing briefs; provided, however, that no amount shall be allowed as costs of printing briefs in excess of fifty dollars to any one party. The appellate court may reduce costs in case of the insertion of unnecessary matter in the record."

Since this enactment has been in force, the prevailing party has an absolute right to his costs, except in case of modification of the judgment, whereas, under the former section, the court had discretion to grant or deny costs where a new trial was ordered, as well as to where the judgment was modified. The respondent whose judgment had been affirmed would probably always have been entitled to costs, if any expense chargeable as costs had been incurred. Be that as it may, this right is now beyond question. Furthermore, the amendment allows the prevailing party to recover as costs "all amounts actually paid out by him in connection with the appeal." We shall not attempt, at this time, a definition of the items covered by this comprehensive language. Certain it is that, by the terms of the statute, the expense of printing briefs is included in the category of taxable costs. This expense, at least, within the limit fixed by the code section, a prevailing respondent has the right to recover. Rule XXIII is, therefore, not in complete accord with the present state of the law. The omission to provide by rule for a judgment, to which the prevailing party is entitled under the statute, cannot, of course, take away his right. Rule XXIII should be revised to meet the changed conditions presented by the code amendment. Until it is so revised, *remittiturs* on affirmance, as on reversal, should include a judgment for costs of appeal in favor of the prevailing party.

It is ordered that the *remittitur* heretofore issued be recalled, and that the clerk issue a new *remittitur,* inserting therein a judgment that the respondent recover her costs of appeal.

Beatty, C. J., does not participate in the foregoing.