[Civ. No. 1766. First Appellate District.—February 21, 1916.]

## ANNIE CAIN, Respondent, v. HENRY FRENCH, Appellant.

COSTS—BRIEFS ON APPEAL—CONSTRUCTION OF SECTION 1027, CODE OF CIVIL PROCEDURE.—Under the amendment of 1913 to section 1027 of the Code of Civil Procedure, a party is entitled to recover his costs in printing a reply brief on appeal, not exceeding $50, although the brief was filed before the amendment to that section, which then did not provide for such costs, where the judgment did not become final upon appeal until after the passage of the amendment.

ID.—MODIFICATION OF STATUTE.—Costs are but an incident of a judgment, and the rule pertaining to the allowance of costs in an action may be changed or modified by statute during its pendency.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion to retax costs. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Henry French, *in pro. per.,* for Appellant.

E. A. Wilcox, C. F. Crothers, and Fry & Jenkins, for Respondent.

LENNON, P. J.—This is an appeal from an order denying the defendant's motion to retax the plaintiff's costs in the above-entitled action.

Upon the hearing of the motion the only objection urged to the cost bill related to the charge of $30.65 for the printing of the plaintiff's brief in reply to the brief of the defendant upon the latter's appeal from the judgment originally entered in the action in favor of the plaintiff. The sole point made in this court in support of the appeal is that when the plaintiff's reply brief was filed upon the original appeal the expense incurred for the printing of such brief was not allowable as an item of costs, and that therefore such item could not be properly taxed against the defendant by the lower court upon the going down of the *remittitur.*

The plaintiff's reply brief upon the original appeal was filed in this court on May 27, 1913, and at that time "there was no provision by rule or statute authorizing the taxing as costs of the expense of printing briefs . . . " (*Estate of Prager,* 167 Cal. 737, [141 Pac. 369]); but upon August 10, 1913, an amendment to section 1027 of the Code of Civil Procedure went into effect, whereby the prevailing party upon an appeal was given the right to charge as an item of the costs in the action the expense of printing briefs when the same did not exceed the sum of $50. The plaintiff's memorandum of costs and disbursements in the present case was filed in the lower court after the going down of the *remittitur* from this court on December 14, 1914, and the

defendant's motion to retax was heard and denied on December 21, 1914. It will thus be seen that the amendment to the statute permitting the expense of printing briefs upon appeal to be charged as a part of the costs of the prevailing party was in force and effect prior to and at the time when, by the affirmance of this court, the judgment in favor of the plaintiff became final.

Costs are but an incident of a judgment, and the rule pertaining to the allowance of costs in an action may be changed or modified by statute during its pendency. (*Ellis* v. *Whittier,* 37 Me. 548; *Billings* v. *Segar,* 11 Mass. 340.) Admittedly, an action once instituted is thenceforth pending at every instant of time until final judgment has been pronounced and entered up. The plaintiff in the present case was not entitled to the fruits of her judgment until it was finally determined in her favor by the affirmance of it by this court; and therefore the statute in force at the time when the judgment was thus made final covers and controls the allowance of costs to her. (*Hepworth* v. *Gardner,* 4 Utah, 439, [11 Pac. 566].)

The order appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 14, 1916.