[Civ. No. 2525.   Third Appellate District.—November 14, 1922.]

## MORRIS KOHN, Respondent, v. PHILIP KEMPNER et al., Appellants.

[1] HUSBAND AND WIFE—CONVEYANCE TO WIFE—PROMISE TO RECONVEY —FRAUD—INTENTION—EQUITY.—Where a husband conveys property to his wife upon her express promise to reconvey to him upon his demand therefor, and such promise is made without intention to perform, the husband is entitled to the property by reason of the wife's fraud. If the promise is made in good faith, then by reason of the confidential relation of husband and wife, equity will enforce the promise, though it was oral.

[2] ID.—RELIANCE UPON PROMISE—PLEADING—APPEAL.—In an action to set aside conveyances made by the plaintiff to his wife, an allegation that the conveyances were made to the wife "upon her express promise to reconvey to plaintiff upon his demand" is a sufficient averment that the plaintiff believed and relied on the promise as against a general demurrer or an objection raised on appeal.

[3] ID.—ACTION TO SET ASIDE CONVEYANCE—PARTIES.—In such an action, where the heirs of the deceased wife are made the defendants, and they defend as heirs, merely, their rights are in nowise prejudiced by a ruling of the trial court denying their motion to make the administrator of the deceased wife's estate a party to the action.

APPEAL from a judgment of the Superior Court of San Joaquin County.   J. A. Plummer, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Loutitt & Stewart, F. I. Lemos and Rose, Silverstein & Collier for Appellants.

A. H. Carpenter for Respondent.

FINCH, P. J.—Plaintiff and Tillie Kohn were married April 3, 1919. They lived together as husband and wife until the death of the latter on August 3, 1920. At the time of Tillie Kohn's death, her mother, Rosie Kempner, since deceased, and her brothers, Philip and Edward Kempner, defendants and appellants were living.

At the time of the marriage the plaintiff was the owner of three parcels of land in which he thereafter conveyed

a half interest to his wife. He also during the marriage purchased, with his separate funds, a fourth parcel and caused an undivided half thereof to be conveyed to his wife. He testified that his wife persistently importuned him to convey a half interest in the property to her, in order that she might have the same for her support in the event of his death, and declared that she would not continue to live with him unless he complied; that she promised him that if he would convey such interest to her she would reconvey the same to him at any time he might request her to do so; that the conveyances to her were made, without consideration and not as a gift, in reliance upon her promise to reconvey upon request; that in June, 1920, he desired to exchange one parcel of the land for other land, but that she refused and said she wouldn't reconvey the land to plaintiff but desired to sell for cash so that she could give money to her brothers. Three other witnesses testified that Mrs. Kohn promised to reconvey the property at any time the plaintiff asked her to do so. One of these witnesses testified that Mrs. Kohn refused to reconvey and said she would give the property to her brother.

The court found, in accordance with the allegations of the complaint, that the property was conveyed to Mrs. Kohn "upon her express promise to reconvey to plaintiff upon his demand therefor . . . and which said promise was made in bad faith and without any intention of performing it," and that such conveyances were not intended as gifts; that she held the property so conveyed in trust for plaintiff and that the same was community property of plaintiff and his wife. Judgment was entered in favor of plaintiff in accordance with the foregoing facts and findings.

There is no doubt that the evidence is sufficient to warrant the findings and judgment. If the property held by the wife was community property, then the judgment is clearly right. (Civ. Code, sec. 1401.) If it was not community property, then under the facts proved and the findings it was the separate property of the plaintiff, held in trust for him by his wife. [1] If her promise to reconvey was made without intention to perform, then the husband was entitled to the property by reason of the wife's fraud. If the promise was made in good faith, then by reason of the confidential relation of husband and wife, equity

will enforce the promise, though it was oral. (*Brison* v. *Brison*, 75 Cal. 525 [7 Am. St. Rep. 189, 17 Pac. 689]; *Adams* v. *Lambard*, 80 Cal. 426 [22 Pac. 180]; *Butler* v. *Hyland*, 89 Cal. 575 [26 Pac. 1108]; *Taylor* v. *Morris*, 163 Cal. 717 [127 Pac. 66]; *Bradley Co.* v. *Bradley*, 165 Cal. 237 [131 Pac. 750].)

[2] Appellants contend that the complaint is insufficient because it does not allege that the plaintiff relied upon the promise of his wife to reconvey or believed that she would perform it. The allegation in this connection is that the conveyances were made to Mrs. Kohn "upon her express promise to reconvey to plaintiff upon his demand." The defendants demurred generally on the ground that the complaint does not state facts sufficient to constitute a cause of action. The allegation that the conveyances were made upon Mrs. Kohn's express promise to reconvey is a sufficient averment that the plaintiff believed and relied on the promise as against a general demurrer or an objection raised on appeal. It cannot be said that there is an entire absence of allegation of such belief and reliance.

[3] It is urged that the court erred in denying defendants' motion to make the administrator of Mrs. Kohn's estate a party to the action. The appellants defended as heirs, merely, and their rights were in nowise prejudiced by the ruling.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.