[Civ. No. 2652. Third Appellate District.—March 1, 1924.]

## MORRIS KOHN, Appellant, v. PHILIP KEMPNER et al., Respondents.

[1] APPEAL—COSTS—COPY OF TRANSCRIPT.—Where an appeal is taken under the alternative method and the judgment is affirmed, the respondent is not entitled to have allowed as costs the amount paid by him for a copy of the transcript on appeal.

---

(1) 15 C. J., p. 265, sec. 661.

APPEAL from an order of the Superior Court of San Joaquin County taxing costs. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Louttit & Stewart for Respondents.

GLENN, J., *pro tem.*—In the above action, as originally prosecuted, plaintiff secured judgment in the trial court. [1] An appeal was taken under the alternative method, but the judgment was affirmed. (*Kohn* v. *Kempner et al.,* 59 Cal. App. 621 [211 Pac. 805].) Subsequently plaintiff herein (respondent on the original appeal) filed a memorandum of costs, included in which was an item for the sum

of $32, paid by him to the stenographic reporter and the clerk of the court for a copy of the transcripts on appeal in said cause. Upon motion to tax costs this item was stricken out. The appeal is from said order.

The cost of the transcript on the original appeal was incurred and paid by appellant therein (respondent here); but it is now claimed, in support of this appeal, that "It was just as necessary for the respondent on that appeal to have these transcripts before him in defending the judgment and resisting the contention of the appellants herein, as it was for the Appellate Court to have the same transcripts before it in determining the sufficiency and validity of the judgment attacked." In support of this position appellant relies upon that portion of section 1027 of the Code of Civil Procedure which provides that "The party entitled to costs may recover all amounts actually paid out by him in connection with said appeal. . . . " Reliance is also·placed on *Estate of Prager*, 167 Cal. 737 [141 Pac. 369], wherein the *remittitur* had issued without providing for the respondent (who had prevailed on the appeal) recovering costs. The *remittitur* was recalled for the insertion of this provision. No other question was involved, and none decided. In referring to that portion of section 1027 of the Code of Civil Procedure, above quoted, the court said: "We shall not attempt, at this time, a definition of the items covered by this comprehensive language." We assume that it is upon this that appellant relies. It is apparent, however, that the court expressly left the matter open for future consideration.

Doubtless it is convenient for each party to an appeal to have a copy of the transcript before him in preparing his briefs to be presented to the appellate court, but the fault with appellant's argument lies not in the lack of *necessity,* but in the lack of *provision in the statute for reimbursement,* therefor. The statute determines the necessity, not the individual. Presumably, each side has a copy of the pleadings, and, having participated in the trial, must be fairly acquainted with the evidence in the case; and herein lies the difference between the position occupied by a litigant and that of the appellate court. While the item here involved is small, it must be remembered that there are cases where the transcript covers many hundreds of pages, and,

if one of the litigants, of his own volition, may order and have furnished to him for his individual use, a copy of the transcript on appeal, then it follows that all the other parties to the action must be accorded the same right, and where there are numerous conflicting interests involved, each represented by different counsel, the expense would be of some considerable moment. So far as we are advised, such an item has never been recognized as a necessary disbursement, allowable as costs to be taxed against the opposing side. The case of *Sime et al.* v. *Hunter,* 55 Cal. App. 157 [202 Pac. 967], seems to be conclusive on the point.

The order appealed from is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1924.

All the Justices concurred.