[Civ. No. 2744.   Third Appellate District.—August 27, 1924.]

EFFIE E. MEDROS, as Administratrix, etc., Respondent, v. MORRIS KOHN, Appellant.

[1] ESTATES OF DECEASED PERSONS—ALLOWED CLAIMS AS JUDGMENTS. For some purposes allowed claims against an estate have the force and effect of judgments, but not as against heirs.

[2] ID.—LAST ILLNESS OF WIFE—MEDICAL SERVICES—BURIAL EXPENSES —DUTY OF HUSBAND TO PAY.—It is the duty of the husband to pay the expenses incurred for medical services of his wife during her last illness and also to defray her necessary funeral expenses, and the allowance of such expenses against her estate is improper, although in the estate of the wife the court may, upon a proper showing, make an allowance to the husband for such expenses.

[3] ID.—ESTATE PROCEEDINGS BY HUSBAND—INDIVIDUAL LIABILITY TO CLAIMANTS—ESTOPPEL.—Where a surviving husband secures his appointment as administrator of his deceased wife's estate, returns an inventory showing the value of the estate to be several thousand dollars, publishes notices to creditors and, after claims for medical services during the last illness of the wife and for funeral expenses have been presented and allowed, he commences

1. See 11 Cal. Jur. 755; 11 R. C. L. 200.

2. Liability of husband for funeral expenses and medical attendance during wife's last sickness, notes, 1 Ann. Cas. 172; Ann. Cas. 1917B, 1164; 47 L. R. A. (N. S.) 283. See, also, 13 Cal. Jur. 804; 13 R. C. L. 1213.

an action which results in his obtaining for himself all the property which he had returned to the court as belonging to the estate of the deceased wife, and the claimants execute and file in the matter of the estate of the deceased wife a release of all demands growing out of the presentation and allowance of said claims, said surviving husband will be estopped to plead the presentation and allowance of said claims as a defense to an action against him individually to enforce payment of the indebtedness.

[4] Id.—Pleading—Evidence—Variance—Waiver.—Where the complaint in such action against the surviving husband alleges that the services sued upon were performed during a certain month, while the evidence shows that they were performed about fifteen months later, but no objection is made to the introduction of this evidence, and it is not charged that the defendant was in any manner prejudicial, such variance is immaterial.

[5] Id.—Privity of Contract—Evidence—Original Liability to Pay.—Where the evidence in such action shows that both the nurse and the doctor were employed by the wife, and defendant made no objection while the services were being rendered, and that there was a direct employment of the undertaker by defendant, there was no merit in defendant's contention that there was no privity of contract between the claimants and defendant; but in any event the defendant's obligation to pay the claims in question was his original liability.

[6] Id. — Reopening of Case After Submission — Additional Evidence—Discretion of Trial Court—Appeal.—In such action, it was not an abuse of discretion on the part of the trial court to open the case some eight months after the submission of the testimony and permit the introduction of the judgment-roll in the action brought by defendant to determine his title to the property which he had returned to the probate court as the estate of his deceased wife, the said judgment not having become final until after the submission of the testimony; and the mere lapse of such length of time was not sufficient to justify the appellate court in interfering with the exercise of the sound discretion vested in the trial court in such matters.

---

(1) 24 C. J., p. 384, sec. 1068.　(2) 24 C. J., p. 306, sec. 924; 30 C. J., p. 603, sec. 146, p. 606, sec. 156.　(3) 21 C. J., p. 1228, sec. 232.　(4) 31 Cyc., p. 706.　(5) 30 C. J., p. 603, sec. 146, p. 607, sec. 156.　(6) 38 Cyc., p. 1364.

4.　See 21 Cal. Jur. 264; 21 R. C. L. 611.

6.　Right of court to reopen case after submission to jury for reception of additional evidence, note, Ann. Cas. 1913C, 1010. See, also, 26 R. C. L. 1042.

APPEAL from a judgment of the Superior Court of San Joaquin County. D. M. Young, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Louttit & Stewart for Respondent.

BURROUGHS, J., *pro tem.*—Defendant appeals from a judgment rendered against him in the sum of $564.95. The facts, in so far as they are material to the decision of this appeal, are as follows: The defendant was appointed the administrator of the estate of his deceased wife. He returned to the court an inventory of the property of the estate showing the value thereof to be $4,550, and he also published notice to the creditors to present their claims against the estate. In due time claims covering the expenses of the last illness of deceased, and also her funeral expenses, were presented. The claims covering the expenses of the last illness were allowed in part and the claim for funeral expenses was allowed in full.

While the proceedings in probate were pending and after the presentation of the above-mentioned claims and after the allowance of the claim for funeral expenses, the defendant commenced an action against the other heirs of his deceased wife to have it decreed that he was the sole owner of all of the property of his deceased wife. Such proceedings were had in that action that judgment was duly entered therein in favor of the defendant and on appeal the judgment was affirmed. (*Kohn* v. *Kempner*, 59 Cal. App. 621 [211 Pac. 805].) The effect of the judgment was to divest the estate of his deceased wife of all of its assets.

After the commencement of the action of *Kohn* v. *Kempner, supra,* this action was instituted to recover from the defendant, on his individual liability, the aforementioned expenses of the last illness and funeral expenses of his deceased wife.

It is claimed by the appellant that the effect of the presentation, allowance, and filing of the claims against the estate of the deceased wife operated as a judgment in favor

of the claimants and precluded any other action for the recovery of the amount of the claims. [1] It is true that, for some purposes, allowed claims against an estate have the force and effect of judgments (*Shiels* v. *Nathan,* 12 Cal. App. 604 [108 Pac. 34]), but not as against heirs (Code Civ. Proc., sec. 1636). [2] It is further well settled that it is the duty of the husband to pay the expenses incurred for medical services of his wife during her last illness and also to defray her necessary funeral expenses, and that the allowance of such expenses against her estate is improper (*In re Estate of Weringer,* 100 Cal. 345 [34 Pac. 825]), although it has been held that in the estate of the wife the court may, upon a proper showing, make an allowance to the husband for such expenses. (*In re Estate of Mathewson,* 181 Cal. 452 [184 Pac. 867].) In 9 R. C. L. 963, it is said: "Even where a party has pursued a remedy which would have entitled him to some relief, and later discovered facts which disclose a better remedy, he may follow the better remedy if no such conditions of injury amounting to an estoppel have resulted to the other party." [3] It appears from the evidence that no estoppel exists in favor of the defendant, and, on the contrary, plaintiff invokes that doctrine against the defendant, and relies upon the undisputed evidence that this defendant secured his own appointment as administrator of his wife's estate and returned an inventory showing the value of the estate to be $4,550. He published notice to creditors, and after the claims here sued upon had been presented to the estate, he then commenced an action, which resulted in his obtaining for himself all of the property which he had returned to the court as belonging to the estate of his deceased wife. It further appears from the evidence that claimants executed and filed in the matter of her estate a release of all demands growing out of the presentation and allowance of said claims.

Under the circumstances of this case, we are satisfied that plaintiff is entitled to maintain this action.

[4] It is further claimed by appellant that there is a material variance between the allegations of the complaint and the proof as to the time of the performance of the services for the deceased wife. The complaint alleges the services were performed in April, 1919, while the evidence

shows they were performed in July and August, 1920. No objection was made to the introduction of this evidence, nor is it charged that the defendant was in any manner prejudiced, and under section 469 of the Code of Civil Procedure such variance is immaterial.

[5] It is claimed that there was no privity of contract between the claimants and the defendant, but it sufficiently appears from the evidence that both the nurse and the doctor were employed by the wife and that the defendant made no objection while the services were being rendered, and that there was a direct employment of the undertaker by the defendant. But in any event the defendant's obligation to pay these claims is his original liability (*Estate of Weringer, supra*).

[6] Some eight months after the submission of the testimony in the action and upon motion of the plaintiff, the trial court opened the case and permitted the introduction of the judgment-roll in *Kohn* v. *Kempner, supra*, the said judgment having become final after the submission of the testimony as aforesaid. It is claimed that this was an abuse of the discretion vested in the trial court. It was clearly a matter addressed to the sound discretion of the court, and its exercise will not be disturbed except upon a clear showing of its abuse. The only reason assigned by the defendant is the lapse of time, but this alone is not sufficient to justify this court in interfering.

There being no prejudicial error in the record, the judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 23, 1924.