(No. 5455.   May 9, 1930.)

GROVE HANGER, Respondent, v. OLIVE HESS, Appellant.

[288 Pac. 160.]

O. A. Johannesen, for Appellant.

Crowley & Crowley and E. A. Owen, for Respondent.

McNAUGHTON, J.—Plaintiff, Grove Hanger, a carpenter and widower seventy-three years of age, brought this action

to cancel a deed to a dwelling, worth about $3,000, given by him to Olive Hess. Mrs. Hess was a young woman, temporarily a divorcee; that is, she divorced her husband George Hess a short time before procuring this deed and remarried him very shortly after procuring it.

There was no trouble about this Hess divorce. As was testified: "We decided to go to Blackfoot and sign the papers together, so there would be no trouble. . . . . They called us back the next day, so we went and got the divorce." The custody of the minor children, two young girls, was awarded to Olive Hess.

It seems Mrs. Hess first had permission to store her furniture in plaintiff's work-shop. The plaintiff having business in Nebraska, offered the defendant and her children the use of his home, which is the dwelling in question. On his return she remained and he occupied a room in the house. He purchased the fuel and provisions and lived there with the family. Not long after plaintiff's return from Nebraska defendant advised him George Hess was threatening to take the custody of the children from her. This seemed to worry her greatly. He heard her weeping in the night. The next morning she packed their effects and said she was going to Shelley to work in a restaurant. She advised plaintiff she must do this, for her lawyer advised her if she did not have a permanent home the court would take the children from her.

On that day, May 11, 1927, plaintiff executed and delivered to defendant the deed in question. The plaintiff claims this deed was given without any consideration whatever, but only to protect defendant and the children so that she might keep them, but it was upon her promise to reconvey the property upon marriage, if she married again, or upon moving away, or whenever for any cause he demanded it. The record shows on May 23, 1927, less than two weeks after the deed was given, at Brigham City, Utah, the Hesses were quietly and secretly married again. Plaintiff claims that as soon as he ascertained the fact of the re-

marriage he demanded a reconveyance of the property, which defendant refused.

The district judge found the sole consideration for the deed was this arrangement and promise to reconvey, and held that the conveyance under the circumstances amounted to a resulting trust, and upon the defendant refusing to reconvey, plaintiff was entitled to a cancelation of the deed in question. Defendant appeals and by her assignments of error claims: 1. The complaint does not state facts sufficient to constitute a cause of action. 2. The court's findings of fact are not supported by the evidence.

The appellant claims the elements of fraud as defined by the Idaho decisions are not sufficiently set forth in the complaint, in that the complaint does not charge that the representations, resulting in the arrangement claimed, and conveyance, were untrue and fraudulent.

The action for cancelation of a deed upon the equitable principle of a trust need not be grounded upon fraud from the beginning as is a fraud action in the nature of the Idaho cases relied upon by appellant. The broad equitable principle invoked in this case is stated in 1 Pom. Eq. Jur., 3d ed., sec. 155, as follows:

"Constructive trusts are raised by equity for the purpose of working out right and justice, where there was no intention of the party to create such a relation, and often directly contrary to the intention of the one holding the legal title. . . . . If one party obtains the legal title to property, not only by fraud or by violation of confidence or of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner."

This principle has been expressly approved by this court in *Davenport v. Burke*, 30 Ida. 599, 167 Pac. 481, also by other jurisdictions in similar actions. (*Alaniz v. Casenave*,

91 Cal. 41, 27 Pac. 521; *Smith v. Lombard,* 201 Cal. 518, 258 Pac. 55; *Kohn v. Kempner,* 59 Cal. App. 621, 211 Pac. 805.)

As a general rule a constructive trust grows out of fraud or confidential or fiduciary relations existing between the parties. Yet we think the principle upon which the doctrine is founded is broader than that. While it is true in this case the ordinary confidential or fiduciary relations are not shown, the evidence does disclose that while respondent had and occupied his separate room, nevertheless the parties lived under the same roof and dined at the same table, the respondent furnishing the fuel and provisions, the appellant doing the housework. Respondent testified he considered appellant a good housekeeper and a good cook. We think the goodwill and confidence of an old man without a home may be won through comfort and good cooking alone quite as completely as the doctrine in question requires.

Whether the allegations of the complaint and the proof are sufficient to support a resulting trust, as that doctrine is technically known in the law, or only the broader doctrine of constructive trust, is not controlling. Manifestly the complaint, the proof, and the findings of the court are sufficient for the establishment of a constructive trust as that equitable principle has been approved by this court. Cancelation of the deed is not dependent upon which of these trusts was established.

While the evidence is conflicting in some regards we think the findings and conclusions of the trial court are right. They are amply sustained and should not be disturbed.

The judgment is affirmed, with costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.