[Civ. No. 4020.   First Appellate District, Division Two.—November 10, 1921.]

## A. SIME et al., Copartners, etc., Appellants, v. MARY A. HUNTER, as Administratrix, etc., Respondent.

[1] STATUTORY CONSTRUCTION—REPEALS BY IMPLICATION.—Repeals by implication are not favored and the repugnancy between the statute claimed to be repealed and the repealing statute must be clear and the two statutes must be so inconsistent that force and effect cannot be given to both.

[2] COSTS—APPEAL—TRANSCRIPT OF REPORTER'S NOTES.—Section 274 of the Code of Civil Procedure, providing that the fees for transcripts and copies ordered by the parties must be paid by the party ordering the same, is not so inconsistent with section 1027 of such code, governing the allowance of costs on appeal, but what full force and effect can be given to each, and the prevailing party on appeal is not entitled to have allowed as costs the amount paid for a copy of the reporter's transcript, but is limited to one hundred dollars for printing briefs.

[3] ID.—TRAVELING EXPENSES OF ATTORNEY—APPEAL WORK—AMOUNT NOT TAXABLE.—Traveling expenses of an attorney in connection with an appeal are not allowable as costs on appeal.

APPEAL from an order of the Superior Court of Monterey County taxing costs. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Hugh R. Osburn for Appellants.

Wallace M. Pence for Respondent.

STURTEVANT, J.—This is an appeal from an order made by the trial court taxing costs. An action was commenced in the same trial court by the same plaintiff against the same defendant, judgment went for the plaintiff, and the defendant appealed. The judgment was affirmed. (*Sime v. Hunter*, 50 Cal. App. 629 [195 Pac. 935].) The statute governing the allowance of costs on appeal is section 1027 of the Code of Civil Procedure. That section, as amended

_____

1. Repeal of statutes by implication, notes, 14 Am. Dec. 209; 88 Am. St. Rep. 271; 5 Ann. Cas. 202.

by Stats. 1919, page 73, provides as follows: "The prevailing party on appeal shall be entitled to his costs excepting when judgment is modified, and in that event the matter of costs is within the discretion of the appellate court. The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal, including the costs of printing briefs; provided, however, that no amount shall be allowed as costs of printing briefs in excess of one hundred dollars to any one party. The appellate court may reduce costs in case of the insertion of unnecessary matter in the record." Claiming to act under said section, the plaintiff did, after the *remittitur* had gone down, prepare, serve, and file a Memorandum of Costs and Disbursements for items as follows:

"Paid Miss Sena Jensen for copy of transcript
    on appeal, 189 folios @ 11c............... $ 20.79
Paid Salinas Daily Index for printing brief
    on appeal, 81 pages @ $1.80 per page....   145.80
Paid expressage on briefs.................       .45
Paid expenses to San Francisco and return to
    argue case on appeal....................    20.00
Paid King City Herald for printing reply to
    petition for hearing in the Supreme Court
    after decision by District Court of Appeal.  23.40

                                    Total............$210.44"

The defendant moved the trial court to retax the costs and the trial court made an order taxing the costs as follows, "to-wit: Strike out all items set forth in plaintiff's memorandum of costs and disbursements, excepting $100 for printing brief on appeal," and from that order the plaintiff has appealed.

As to when a transcript of the reporter's notes may be taxed as costs, the matter is covered by section 274 of the Code of Civil Procedure: " . . . The fees for transcripts and copies ordered by the parties must be paid by the party ordering the same." If that passage has been repealed, it has been repealed by implication. [1] But repeals by implication are not favored and the repugnancy between the statute claimed to be repealed and the repealing

statute must be clear and the two statutes must be so inconsistent that force and effect cannot be given to both. (*People ex rel. Wood* v. *Sands,* 102 Cal. 12 [36 Pac. 404].) [2] But sections 274 and 1027 are not so inconsistent but what full force and effect can be given to each.

The trial court allowed the appellant $100 for printing briefs. That was the full amount to which he was entitled for that item. (Code Civ. Proc., sec. 1027, *supra.*)

[3] The traveling expenses of an attorney are disbursements of his and not of his client. Such is certainly the rule as to trial work. Appellant has not called to our attention any statute which shows that such a rule obtains as to trial work and which shows that a different rule obtains as to appellate work. As to work on appeal, it is true that the statute refers to "costs" and "all amounts actually paid out." (Code Civ. Proc., sec. 1027.) But as to trial work the language of the statute is equally broad when it uses the words, "the items of his costs and necessary disbursements." (Code Civ. Proc., sec. 1033.) However, throughout the sixty-seven years section 1033 of the Code of Civil Procedure (sec. 510, Practice Act) has been on the books, the settled practice has been not to include as costs the personal expenses of the attorney of the party prevailing. It must ever be borne in mind that costs were not recoverable at common law. He who would claim costs must put his finger on a statute which awards the same. The measure of the statute is the measure of the right. "In England it seems that statutes relating to costs were considered penal in their nature and were to be strictly construed and, with scarcely an exception, this is the rule generally adopted in this country where the question has been raised and considered by the courts." (15 Corpus Juris, p. 24, sec. 9.) And, in this case, if it be said that the traveling expenses were "actually paid out by him in connection with said appeal," the answer is that the expenses were paid out by the attorney and not by "him" (the party to the appeal).

We have thus considered every item which the trial court disallowed except "Expressage on briefs, forty-five cents." As to that item affecting this appeal, it may be said, "The law disregards trifles." (Civ. Code, sec. 3533; *Connell* v.

*Harron, Rickard & McCone,* 7 Cal. App. 745, 747 [95 Pac. 916].)

The order is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 9, 1922.

All the Justices concurred.