[Crim. No. 1070. Second Appellate District, Division One.—April 21, 1924.]

## THE PEOPLE, Respondent, v. JOE GONZALES, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY—USE OF SILK SOCK AS INSTRUMENT OF CRIME — IRRELEVANT EVIDENCE. — In this prosecution for grand larceny in the theft of an automobile, notwithstanding the arresting officer was permitted to testify, without objection, that he took from the person of defendant at the time of his arrest a pistol, a policeman's billy, a flashlight and a black silk sock with the foot cut off, there having been no contention that defendant wore any mask or in any way endeavored to conceal his features, or made any attempt to escape or elude the officer at any time, either before or after his arrest, it was error to permit the arresting officer, over the objection of defendant, to further testify that the silk sock was an instrument of crime and was used as a mask by yeggmen and stick-up men, and to demonstrate to the jury the manner in which the sock was used as a mask.

[2] ID.—IRRELEVANT EVIDENCE—ERROR WITHOUT PREJUDICE.—In such prosecution, the error of the trial court in admitting such testimony as to the criminal purposes to which the silk sock could be put was not prejudicial to defendant, and did not result in a miscarriage of justice, requiring a reversal of the judgment of conviction, where the evidence in the case was such that, even eliminating such erroneously admitted testimony, the jury could not have rendered any other verdict than that of guilty.

[3] ID.—OWNERSHIP OF OTHER MACHINE—REJECTION OF PROFFERED EVIDENCE—INCONSEQUENTIAL ERROR.—In such prosecution, if there was any error in refusing to admit in evidence a conditional contract of sale between a motor company and defendant, for the purchase of an automobile, but a different machine from that which defendant was charged with stealing, the error was of slight consequence, where defendant and his mother were permitted to testify, without objection, that defendant was the

1. Experiments as evidence, note, 53 **Am. St. Rep.** 375; 7 **Ann. Cas.** 216; **Ann. Cas.** 1912B, 296. See, also, 8 **Cal. Jur.** 140, 143; 8 **R. C. L.** 180.

2. See 2 **Cal. Jur.** 1020; 2 **R. C. L.** 250.

owner of the machine described in the conditional contract of sale, and the prosecution offered no evidence to contradict this testimony.

(1) 17 C. J., p. 386, sec. 3751.    (2) 17 C. J., p. 386, sec. 3751. (3) 17 C. J., p. 335, sec. 3680.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Buel R. Wood for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and J. L. Flynn for Respondent.

CURTIS, J.—The defendant was found guilty of grand larceny in the theft of a Chevrolet automobile of the value of five hundred dollars, and appeals from the judgment.

[1] At the trial the arresting officer testified that he took from the person of the defendant at the time of his arrest a pistol, a policeman's billy, a flashlight and a black silk sock with the foot cut off. These articles were admitted in evidence without any objection on the part of the defendant. Over the objection of the defendant, however, the officer further testified that the silk sock was an instrument of crime and was used as a mask by yeggmen and stick-up men. He demonstrated to the jury the manner in which the sock was used as a mask, by drawing it over his head, covering his face and eyes. As thus drawn over his head, it concealed his features, but at the same time did not obscure his vision, but permitted him to look through it and see objects in the courtroom. It is contended by defendant that this testimony was irrelevant as to any issue in the case, and that its introduction greatly prejudiced the defendant in the eyes of the jury. The testimony of the officer as to the purpose to which the black silk cloth could be put by persons engaged in the commission of crime in no way tended to prove the charge against the defendant. At the trial it was not contended

3. See 2 Cal. Jur. 1022; 2 R. C. L. 253.

that the defendant wore any mask or in any way endeavored to conceal his features, or made any attempt to escape or elude the officer at any time, either before or after his arrest. The testimony, therefore, as to the purposes to which the cloth might be used, shed no light upon the question as to whether the defendant was guilty or not of the theft of the automobile. It was, therefore, irrelevant as to any of the issues involved in the case and it was error to admit the same at the trial of the defendant. This testimony would naturally damage the defendant in the estimation of the jury. They would likely conclude that a person in the possession of such an article might in all probability be engaged in the commission of the crimes for which it could be used, and, therefore, they would more readily find him guilty of the crime charged.

[2] It has been held that evidence tending to show the possession by the defendant, at the time of his arrest, of various poisons, none of which had any connection with the crime with which the defendant was charged, was inadmissible. The same ruling was had regarding evidence of the possession by the defendant of obscene letters and writings. Such evidence was held to be "very prejudicial to defendant, as it tended to show her to be a most depraved and vicious woman." (*People* v. *Martin,* 13 Cal. App. 96–106 [108 Pac. 1034, 1038].) "However depraved or vicious she might be, she was entitled to be tried only for the crime charged against her; and upon the issue presented by her plea of not guilty only such testimony as was relevant to such issue should have been admitted. . . . The defendant had the right to have all such irrelevant matter excluded from the jury. When, as in this case, irrelevant testimony has been admitted, and is of such a character as necessarily to be prejudicial to the defendant, a new trial must be granted." (*People* v. *Martin, supra,* and authorities there cited.)

The rule laid down in the foregoing authorities is well established and must be followed in this case, unless the application of section 4½ of article VI of the constitution necessitates a different action on the part of this court. This section provides among other things that no judgment shall be set aside in any case on the ground of the improper admission of evidence, unless, after an examination of the

entire cause, including the evidence, the court shall be of the opinion that the error complained of resulted in a miscarriage of justice.

The evidence in this case against the defendant was that the owner of the automobile, which the defendant was charged with stealing, parked his car at 715 West Sixth Street, in the city of Los Angeles, between the hours of 12 and 1 o'clock on the morning of the 17th of May, 1923. At fifteen minutes before 2 o'clock of the same morning the defendant was found driving the car at the corner of Grand Avenue and Eighth Streets, less than three blocks from where the car was left by its owner. Defendant's only explanation of his possession of the car was that a man by the name of Ryan, whom he had met for the first time on the evening of May 15, 1923, had left the car with him while he, Ryan, went in search of some girls whom they were to take riding in the car. He had never seen Ryan since the night of his own arrest, and although the defendant had been out on bail from the time of his arrest to the day of his trial, he had made no inquiry at the place where the defendant testified Ryan had told him he worked, nor had the defendant made any attempt to find Ryan and have him as a witness at the trial. In other respects the story as told by the defendant at his trial was equally improbable and unreasonable. We hardly think any jury composed of intelligent and reasonable men would place any faith in the account given by defendant as to how he came into possession of the car. Furthermore, after the arrest of the defendant, he gave most conflicting accounts as to the possession of the car by his new-made friend Ryan. He first told the arresting officer that at about half past 8 on the evening immediately preceding the morning of his arrest, he met Ryan in front of a cafe in the city of Los Angeles, and from there Ryan drove him in this same car over the Brooklyn Heights, and then back to Los Angeles. When, afterwards, he was informed that the owner of the car reported that it had not been stolen until after 12 o'clock of the same night, he changed his story and said that he saw Ryan when he stole the car, and that he, the defendant, was only a few feet away from Ryan at the time Ryan took the car, but he disclaimed that he had any part in the theft. With evidence of this character before

them, even should we eliminate all testimony of the officer as to the criminal purposes to which the silk sock could be put, we cannot see how the jury could have rendered any other verdict than that of guilty. We are, therefore, unable to hold that the defendant was prejudiced by the admission of the testimony complained of, or that any miscarriage of justice has resulted therefrom.

[3] Defendant makes the further contention that the court errred in refusing to admit in evidence a conditional contract of sale between the Southwest Motor Company and the defendant, for the purchase of a Chevrolet automobile, but a different machine from that which the defendant is charged with stealing. The defendant had previously testified that he was the owner of such an automobile, and upon cross-examination he further stated that this Chevrolet machine belonged to him and not to his mother. The defendant's mother also testified that the machine in question belonged to the defendant and not to her. The prosecution offered no evidence to contradict this testimony. If there was any error on the part of the court in refusing to admit in evidence the conditional contract of sale, such error was of slight consequence in view of the undisputed oral testimony of the defendant and his mother, admitted without objection, that the defendant was the owner of the machine described in the conditional contract of sale.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.