[Civ. No. 4969.   First Appellate District, Division Two.—November 1, 1924.]

ARROW GARAGE COMPANY (a Corporation), Respondent, v. J. KIKUGAWA, Appellant.

[1] COSTS—ATTACHMENT OF AUTOMOBILE—STORAGE CHARGES PENDING APPEAL—ITEM NOT ALLOWABLE.—An item for storage charges for an automobile held under attachment for a period during the pendency of an appeal is not allowable as a cost upon appeal.

[2] ID.—AFFIDAVIT TO COST BILL—SUFFICIENCY OF.—While an objection to an affidavit attached to a cost bill upon appeal based upon the fact that it states that the disbursements were necessarily incurred in the "action," rather than upon "appeal," is technically well taken, still it does not require the cost bill to be stricken from the files.

(1) 15 C. J., p. 279, sec. 688.   (2) 15 C. J., p. 263, sec. 655.

APPEAL from orders of the Superior Court of the City and County of San Francisco denying motion to strike cost bill upon appeal from files and denying motion to tax costs.   James M. Troutt, Judge.   Order denying motion to strike from files affirmed; order denying motion to tax costs reversed.

The facts are stated in the opinion of the court.

D. A. Knapp for Appellant.

H. H. Linney for Respondent.

LANGDON, P. J.—This is an appeal from an order denying the motion of defendant to strike from the files plaintiff's amended cost bill on appeal and denying his motion to tax costs.   The plaintiff recovered a money judgment against the defendant for certain repairs to defendant's automobile, which automobile had been attached by the plaintiff.   An appeal was taken by the defendant to this court, which affirmed the judgment.   A petition for hearing by the su-

1.  Charges recoverable as costs, note, 88 **Am. Dec.** 181.  See, also, 7 **Cal. Jur.** 289.

2.  See 7 **Cal. Jur.** 291.

preme court was denied and upon the filing of the *remittitur* the plaintiff presented its cost bill upon appeal which included the following items: Printing brief in district court of appeal, $36.25; printing brief in supreme court, $21.25; sheriff's fees for storage of automobile under attachment from May 28, 1922, to November 22, 1923, $272.

The plaintiff had recovered as costs in the action the storage charges for the automobile up to the time of judgment, and the cost bill upon appeal attempted to include an amount to cover this item for the period during which the appeal was pending.

The question presented is whether or not such an item is allowable under the provisions of section 1027 of the Code of Civil Procedure, governing costs upon appeal. As stated in *Sime* v. *Hunter*, 55 Cal. App. 157 [202 Pac. 967]: "He who would claim costs must put his finger on a statute which awards the same." Section 1027 of the Code of Civil Procedure provides: "The party entitled to costs, or to whom costs are awarded, may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal, including the costs of printing briefs. . . . "

[1] We think that an item for storing an automobile held under attachment is not included in any of the above specified costs upon appeal. It is certainly not an amount paid out in connection with the appeal. Where an appeal is taken in a case like this, either a bond is filed by appellant staying execution and protecting the plaintiff in the amount of his judgment, or there is no stay of execution and the plaintiff should sell the property under execution to protect itself, as there is no provision in the law to charge the defendant with the expense of keeping it under attachment during the time the appeal is pending.

[2] The objection of the appellant to the affidavit attached to the cost bill based upon the fact that it states that the disbursements were necessarily incurred in said "action," rather than upon "appeal," is technically well taken, but we are not inclined to hold that it requires the cost bill to be stricken from the files. We think, however, that the defendant's motion to tax costs should have been granted and the item for storage of the automobile disallowed.

The order denying the motion to strike from the files the amended cost bill on appeal is affirmed; the order denying defendant's motion to tax costs is reversed, each party to this appeal to pay his own costs.

Nourse, J., and Sturtevant, J., concurred.