[Civ. No. 2764.   Third Appellate District.—February 18, 1925.]

In the Matter of the Estate of ANNIE GALLO, Deceased. ESTA F. GALBRAITH et al., Appellants, v. DARIO PANINI et al., Respondents.

[1] COSTS—APPEAL.—A successful appellant is entitled to costs on reversal of the judgment.

[2] ID.—RIGHT TO RECOVER COSTS STATUTORY.—The right of the prevailing party to recover costs is purely statutory, and no costs may be recovered except when they are allowed by statute.

[3] ID.—TRANSCRIPT—SECTIONS 274 AND 1027, CODE OF CIVIL PROCEDURE—REPEALS.—Section 1027 of the Code of the Civil Procedure, which provides that the prevailing party "may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for appeal, including the costs of printing briefs," etc. (although it is the latest expression of the legislature), does not repeal the provision of section 274 of the Code of Civil Procedure requiring the party ordering a transcript, without the order of the court, to pay for the same.

[4] ID. — STATUTORY CONSTRUCTION — COST OF TRANSCRIPT WITHOUT COURT ORDER NOT ALLOWABLE.—Construing sections 1027 and 274 of the Code of Civil Procedure together, the statute allows all costs actually incurred by the prevailing party in the preparation of the record on appeal, except in the absence of an order of court, where the party himself orders the transcript, he must pay for the same.

[5] ID.—TRANSCRIPT.—The only way to properly charge the expense of a transcript as costs on appeal is to obtain an order of court pursuant to section 274 of the Code of Civil Procedure.

(1) 15 C. J., p. 240, n. 97.   (2) 15 C. J., p. 21, n. 26.   (3) 36 Cyc., p. 1076, n. 39.   (4) 15 C. J., p. 276, n. 3.   (5) 15 C. J., p. 276, n. 3.

APPEAL from an order of the Superior Court of San Joaquin County taxing costs.   J. A. Plummer, Judge.   Affirmed.

The facts are stated in the opinion of the court.

A. H. Ashley for Appellants.

See 7 Cal. Jur. 284.

Arthur L. Levinsky and R. J. Jeffry for Respondents.

THOMPSON, J., *pro tem.*—This is an appeal from an order taxing costs. Plaintiffs instituted a proceeding to revoke the probate of the will of Annie Gallo, deceased. At the close of plaintiff's case a nonsuit was granted. On appeal the judgment of nonsuit was reversed. (61 Cal. App. 163 [214 Pac. 496].) For the purposes of that appeal plaintiffs ordered a transcript of testimony from the reporter at an expense of $282.60. Upon the return of the *remittitur,* in due time, plaintiffs filed their bill of costs, including this item for reporter's transcript. On defendant's motion to tax costs this item was disallowed. From this order the plaintiffs appealed. The bill of exceptions indicates that the plaintiffs procured this transcript of testimony without obtaining any order of court therefor.

[1] A successful appellant is entitled to costs on reversal of the judgment. (Sec. 1027, Code Civ. Proc.; *Robinett* v. *Brown,* 167 Cal. 735 [141 Pac. 368].) [2] The right of the prevailing party to recover costs is purely statutory. No costs may be recovered except when they are allowed by statute. (*Turner* v. *East Side Canal & Irr. Co.,* 177 Cal. 570 [171 Pac. 299].)

Section 1027 of the Code of Civil Procedure provides that the prevailing party "may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for appeal, including the costs of printing briefs; . . . "

There can be no doubt this transcript of testimony was necessary for the preparation of plaintiffs' appeal from the judgment of nonsuit, as the affidavit of A. H. Ashley, which is attached to plaintiffs' bill of costs, shows. But this section must be read in connection with section 274 of the Code of Civil Procedure, which provides in part: "In civil cases, the fees . . . for transcripts *ordered by the court* to be made must be paid by the parties in equal proportions; and either party may, at his option, pay the whole thereof; and in either case, all amounts so paid by the party to whom costs are awarded, must be taxed as costs in the case. *The fees for transcripts and copies or-*

*dered by the parties must be paid by the party ordering the same. . . . "*

[3] Section 1027 of the Code of Civil Procedure is the latest expression of the legislature, but does not repeal the provision of section 274 of the Code of Civil Procedure, requiring the party ordering a transcript, without the order of the court, to pay for the same. (*Sime* v. *Hunter,* 55 Cal. App. 157 [202 Pac. 967].) [4] Construing these two sections together, we must conclude that the statute allows all costs actually incurred by the prevailing party in preparation of the record on appeal, except in the absence of an order of court, where the party himself orders the transcript, he must pay for the same. [5] The only way to properly charge the expense of a transcript as costs on appeal is to obtain an order of court pursuant to section 274 of the Code of Civil Procedure. (*Senior* v. *Anderson,* 130 Cal. 290 [62 Pac. 563] ; *Sime* v. *Hunter,* 55 Cal. App. 157 [202 Pac. 967] ; *Blair* v. *Brownstone Oil & Refining Co.,* 20 Cal. App. 316 [128 Pac. 1022] ; *Kohn* v. *Kempner,* 66 Cal. App. 648 [225 Pac. 24] ; 7 Cal. Jur. 284.) This order was not procured.

It follows that the order disallowing the item of $282.60 was properly made. The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1925.

All the Justices concurred.