[Civ. No. 5757.  First Appellate District, Division Two.—June 29, 1927.]

ELEANOR L. CHRISTENSON, as Executrix, etc., et al., Respondents, v. THE CUDAHY PACKING COMPANY (a Corporation), Appellant.

Casper A. Ornbaun and Robert Duncan for Appellant.

Thomas, Beedy, Presley & Paramore for Respondents.

NOURSE, J.—Plaintiff had recovered a money judgment against the defendant, from which the latter appealed.  The supreme court modified the judgment and ordered that the

defendant recover its costs on appeal. When the *remittitur* was sent down the defendant, in due course, filed its memorandum of costs in which were included four separate premiums paid on a surety bond to stay execution of that judgment. On motion of the plaintiff these items were ordered stricken from the bill and the appeal is taken from that order.

The right to recover costs is purely statutory. (*Turner* v. *East Side Canal & Irr. Co.*, 177 Cal. 570, 573 [171 Pac. 299]; *Estate of Gallo*, 71 Cal. App. 352, 353 [253 Pac. 66].) Section 1027 of the Code of Civil Procedure provides that the prevailing party on appeal "may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for appeal, including the costs of printing briefs . . . " Section 1034 of the Code of Civil Procedure provides that a party seeking to recover costs awarded by an appellate court must file a memorandum of costs verified in the manner prescribed in section 1033, which relates to costs in the trial court. By the latter section it is required that the party verify the memorandum, stating that the sums listed have been necessarily expended in the action. Reading these sections together we find that the party to whom costs are awarded on appeal is entitled to recover only such amounts actually paid out by him as have been necessarily incurred in the action.

In *Sime* v. *Hunter*, 55 Cal. App. 157 [202 Pac. 967]; it was held that the prevailing party on appeal was not entitled to recover as costs the sums paid out by him for a copy of a transcript used by him in preparing the appeal and which was not ordered by the trial court, or the sums paid out to cover the traveling expenses of his attorney to and from the hearing in the appellate court. *Turner* v. *East Side Canal & Irr. Co.*, 177 Cal. 570 [171 Pac. 299], and *Estate of Gallo*, 71 Cal. App. 352 [235 Pac. 66], cover the same point where the party had failed to obtain an order of court to print the transcript of testimony as required by section 274 of the Code of Civil Procedure. In *Arrow Garage Co.* v. *Kikugawa*, 69 Cal. App. 509 [231 Pac. 571] it was held that storage charges on an automobile held under attachment pending an appeal were not recoverable as costs under the code section. The appellant cites several

cases from other jurisdictions, but none of them aids in the interpretation of our statute.

Bearing in mind that only the expenses necessarily incurred in the preparation of the appeal may be recovered, we should look at the circumstances under which the disputed items arose. ██ The plaintiff in the litigation had recovered a money judgment upon which it was entitled to execution and sale of the defendant's property. To prevent this the defendant filed its stay bond as it was privileged to do under the statute. Because the defendant chose to employ a surety company for this purpose it was required to pay the premiums in dispute. But the filing of the stay bond was a mere privilege and not a duty imposed upon the defendant in connection with the appeal. (*Williams* v. *Atchison etc. Ry. Co.*, 156 Cal. 140, 141 [134 Am. St. Rep. 117, 19 Ann. Cas. 1260, 103 Pac. 885], where it was said: "The filing of such an undertaking by a surety company is likewise not a necessity, but a special privilege accorded under the statute.") Furthermore, the appellant was not required to file a surety bond for this purpose, but might have filed a personal bond for which no premium would have been required.

██ In limiting the recoverable costs to such expenses as have been necessarily incurred in connection with the appeal, the legislature had in mind expenses such as filing fees, printing of the transcript, charges for clerks and notarial certificates, and similar items of a fixed and uniform nature. In so limiting the recoverable costs a double purpose is served—uniformity in the charge to be imposed upon unsuccessful parties, and prevention of imposition upon such parties through unnecessary and unreasonable expenditures. We are satisfied that the premium of a surety bond in a case of this kind is not a necessary expenditure within the meaning of the code section.

Order affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1927.