REGINALD G. MOSS, Respondent, v. UNDERWRITERS' REPORT, INC. (a Corporation), Appellant.

William M. Abbott, Cyril Appel, Ivores R. Dains and Henry A. Plattner for Appellant.

Augustin C. Keane and Edgar C. Levey for Respondent.

EDMONDS, J.—This case presents, among other questions, the application of the statute of limitations to an action brought to recover upon a book account the balance which the plaintiff claims is due him for services rendered to the defendant over a period of many years. By a separate appeal from an order denying its motion to tax costs, the defendant challenges certain items of the cost bill. The District Court of Appeal affirmed the judgment and the following opinion written by Mr. Presiding Justice Nourse is adopted as the opinion of this court upon the appeal therefrom:

"The plaintiff sued upon three separate causes of action for compensation for extra services. The first count, or cause of action, was on an open book account for money claimed to be due up to December 31, 1934; the second was upon an account stated; the third was on an open book account for money claimed to have been earned after December 31, 1934. Prayer was made for $13,543.51. The action was tried without a jury, and plaintiff had judgment on the first and third causes of action in the sum of $12,422.07. The appeal from this judgment is presented on a typewritten transcript to which has been added, after a motion for diminution of the record, a number of the exhibits.

"Plaintiff rested his claim upon a contract with the defendant employing him to act as editor of three publications which the defendant was engaged in printing and circulating. The contract of employment began in 1922 and terminated on July 15, 1935. The original agreement called for a weekly salary of $75 and 3 per cent on the annual gross income from these publications, such percentage to be determined annually after an accounting extending over each calendar year. The parties agree that a 3 per cent bonus was to be paid, but disagree as to whether it should be based on the income of all three publications, or upon that derived from two only. Books of account were kept by the defendant from which the plaintiff claimed that he was entitled to recover the sum

prayed for. At the trial the court found certain errors in these accounts which caused a reduction in the amount allowed in the judgment. As this situation gives rise to the principal attack upon the judgment, it is well to add these details: in his first count the plaintiff relied upon the balance shown to be due on these books of account up to December 31, 1934, which was $14,068.51, and allowing a credit of $525, asked judgment for $13,543.51. The third count, though pleaded on an open book account, did not fix the amount, because the income for that period was unknown to plaintiff, but asked the court to take an accounting to ascertain the amount due. Defendant's bookkeeper estimated plaintiff's bonus by taking 3 per cent of the gross income derived from three of defendant's publications, whereas the defendant claims that plaintiff was not entitled to any bonus upon the income from one of them. Other errors were made by the bookkeeper, some favorable and others unfavorable to the plaintiff. From the balance shown on the books as of December 31, 1934, the trial court allowed deductions claimed as errors by the defendant amounting to $2,449.75, and a credit of $700 paid to plaintiff subsequent to December 31, 1934. The sum of $1503.31 was found due plaintiff upon his third count for services rendered after that date. When this was added to the balance of the principal claim, following the deductions noted, the full sum found to be due was $12,422.07, which is the amount of the judgment.

■ "Growing out of the situation just mentioned, appellant's first question stated on this appeal is: 'Is not an essentially erroneous book account insufficient to evade the bar of the statute of limitations?' There is sufficient evidentiary support for the trial court's finding that a contract of employment was executed, as alleged in the complaint, calling for payment of a salary to plaintiff and, in addition thereto, a sum equal to 3 per cent of the annual gross income from two of the publications printed by the defendant; that the 'defendant caused the same (the money due plaintiff for such extra compensation) to be regularly computed by its bookkeeper and accountant', and that such account was 'duly entered upon a record kept by said defendant corporation for that purpose'; that, in computing said sum of $14,068.51, 'there were by inadvertence and mutual mistake included therein certain sums of money equal to three per cent (3%) of

the gross income of defendant corporation from sources other' than the two publications mentioned; and that these sums, amounting to $2,449.75, should be deducted from said account. Upon these facts the appellant contends that the book account must be rejected as a whole, and that the first cause of action is therefore barred because it rests on an oral contract and was not brought within two years. Respondent replies that the book account was kept by appellant in the regular and usual course of its business, that it was proved by uncontradicted evidence that the only errors in the account were made by appellant, and that the respondent was not responsible for them. It cannot be denied that the entries were made in the regular and usual manner, that the account meets all the requirements for an 'open book account', and that appellant alone is accountable for the errors. None of the cases cited by the appellant gives any support for the position here taken. ▆▆ They hold generally that a book account must be proved before it will support a judgment. As to this there is no controversy. The point here is must it be wholly free from error before it will support a judgment for the amount found due.

"The cause of action is upon the account, not upon the separate items which enter into it. It is like an action on a written contract, or on a promissory note, neither of which is defeated by the appearance of errors which may be readily corrected. Here the appellant was responsible for the errors upon which it relies to defeat its own account. On principle it should be estopped to take advantage of its own errors when, throughout the period of employment, the respondent was led to believe that appellant was keeping a correct book account, and may have, for that reason, delayed bringing his action within the time limited for an action upon an oral contract.

▆▆ "The failure of the trial court to specifically find that the action was not barred by the two-year statute of limitations was not prejudicial to the appellant. If a finding had been made, it must have been adverse to appellant. (*Egan* v. *Bishop,* 8 Cal. App. (2d) 119, 123 [47 Pac. (2d) 500]; *Anderson* v. *Calaveras Min. Corp.,* 13 Cal. App. (2d) 338, 349 [57 Pac. (2d) 560].) When it thus appears from the facts found that the statute has not run, there is no prejudicial error in a failure to find separately on the alleged bar of the

statute. (*Woodham* v. *Cline*, 130 Cal. 497, 498 [62 Pac. 822] ; *Scott* v. *Symons*, 191 Cal. 441, 456 [216 Pac. 604] ; *Webster* v. *Mountain Monarch G. M. Co.*, 6 Cal. App. (2d) 450, 454 [44 Pac. (2d) 646] ; 24 Cal. Jur., p. 944.)

▪ ''It is urged that the original contract was abrogated, or so materially modified, as to defeat all rights of respondent founded upon it. It is appellant's contention that the contract of employment made in 1922 called for a base salary of $75 a week and that the bonus claimed by respondent was to be allowed on that base ; that subsequently the base salary was increased, and hence the trial court should have found that the agreement to pay a bonus fell with this change. This all rests upon the conflicting testimony of the respective parties as to what was said, and what arrangements were made, as to compensation at different stages of the period of employment. There is sufficient evidentiary support for the trial court's finding that the appellant agreed to pay the respondent a bonus of 3 per cent of the gross annual income in addition to all fixed salaries throughout the period of employment, and the conduct of the parties during that period lends additional support to the finding.

▪ ''The appellant argues that the respondent is estopped from claiming any balance due because of these facts : at various times during the period of employment the respondent was paid by check drawn on the corporation which contained in a space provided thereon a notation of a certain amount for salary and a certain amount for bonus. Each check had printed thereon the words 'Endorsement of this check evidences payment in full of items set forth in voucher.' Respondent answers that no plea of estoppel was made in the trial court, that the point was first raised on this appeal, and that there is no evidence of estoppel as the appellant did not alter its course of conduct in any respect, but that it continued to enter upon its books of account the balance remaining due. If the question had been raised in the trial court, that court would have necessarily found that there was no estoppel on this evidence. The checks were plainly payments on account of the bonus awards carried on the books which were not definitely ascertained at the time. Throughout the period the endorsements on the checks were treated as receipts for payment 'on account' of the bonus awards and in the amounts,

or items, stated on the face of the check; the appellant continued to carry entries on its books of the amounts remaining due, notwithstanding these endorsements, and had better means of knowledge than the respondent of the condition of its own books, and of the manner in which these endorsements on the checks were treated. The evidence fails to show the essential elements of an estoppel. ■ One relying on a plea of estoppel must have been ignorant of the true state of facts and must have been intentionally misled by the act of the other to his injury. (10 Cal. Jur., pp. 636, 637; 10 R. C. L., pp. 696, 697; *Maggini* v. *West Coast Life Ins. Co.*, 136 Cal. App. 472 [29 Pac. (2d) 263].)

■ ''Finally the appellant argues that the trial court went beyond the issues raised in the complaint and reached into equity when it reduced the award from the amount shown to be due on the books of account. The point rests on the finding that by 'inadvertence and mutual mistake' the sum of over $2,400 was included in the account as due the respondent. The judgment in favor of respondent was reduced to that extent. This, the appellant argues, was a reformation of the contract of employment which the court could order only through its equity jurisdiction. Then, it is argued, that, since the action is one strictly at law, equitable remedies could not be granted. For the purpose of determining the running of the statute of limitations, the cause of action is deemed to be one on the account, and the statute is said to run from the last entry in the account. But the basis of the right of recovery is the contract of employment, and for this purpose the book account is deemed evidence of the contract, but not the contract upon which the right is based. When errors are found in the account they are errors in the evidence, and not errors in the basic contract. Hence, a reduction in the amount allowed from that shown due in the account is not a reformation of the contract of employment, and it does not bring into play the exercise of any equity jurisdiction. ■ But if we should accept appellant's theory, we would have to restore to the judgment the amount deducted. Respondent argues that the trial court erred in making the reduction, but concedes that he cannot raise the point because he did not take an appeal. But he is not averse to accepting the advantages of appellant's position. Since the error complained of was favorable, rather than

prejudicial, to the appellant, he is in no position to urge a reversal on that ground.''

The appeal from the order denying defendant's motion to tax costs requires consideration of three items charged by the plaintiff. These are the premiums paid on bonds filed by the plaintiff to procure writs of attachment, the cost of a copy of a deposition of the plaintiff taken by the defendant, and the cost of depositions of certain witnesses taken by the plaintiff but not used upon the trial. The defendant contends that it cannot be required to pay any of them.

In the superior court costs are allowed as a matter of right to a plaintiff upon a judgment in his favor in an action for money. (Sec. 1032, Code Civ. Proc.) The right to recover costs is entirely statutory and ''the measure of the statute is the measure of the right''. (*Estate of Johnson,* 198 Cal. 469 [245 Pac. 1089].) The code makes no mention of particular items which may be charged as costs, but it requires a litigant to furnish a memorandum ''of the items of his costs and necessary disbursements in the action''. (Sec. 1033, Code Civ. Proc.)

The term ''costs'', it has been said, means ''those fees and charges which are required by law to be paid to the courts, or some of their officers, or the amount of which is expressly fixed by law''. (*Blair* v. *Brownstone Oil & Refining Co.,* 20 Cal. App. 316 [128 Pac. 1022].) The words ''necessary disbursements'' should be similarly construed. Certainly the statute does not contemplate that a defendant must pay all of the successful plaintiff's expenses in connection with the litigation. The code authorizes the allowance of costs only, and the inclusion of ''necessary disbursements'' in the section requiring one who claims costs to file a memorandum of them does not authorize a litigant to collect from his unsuccessful adversary the amount of any expense which is not allowable as an item of ''costs''. (*Bond* v. *United Railroads,* 20 Cal. App. 124 [128 Pac. 786].)

In his cost bill the plaintiff included the premium paid to a surety company ''on attachment undertaking'' and a premium paid to the surety ''on *alias* attachment''. The general rule is that in the absence of statutory authority the premium paid for a bond required of a litigant in connection with the issuance of process may not be taxed as costs. (15 C. J. 146; see, also, note to *Williams* v. *Sawyer Bros.,*

81 A. L. R. 1532.) This rule was followed in *Williams* v. *Atchison, Topeka etc. Ry. Co.,* 156 Cal. 140 [103 Pac. 885, 134 Am. St. Rep. 117, 19 Ann. Cas. 1260], and *Christenson* v. *Cudahy Packing Co.,* 84 Cal. App. 237 [257 Pac. 906]. In the first case the court affirmed an order striking from a cost bill the premium paid for a surety bond in an action of claim and delivery upon the ground that the right to take into possession the personal property in dispute is a privilege and not necessary to the prosecution of a cause of action. In the later case the premiums on a surety bond given to stay execution of the judgment were disallowed upon the ground that the filing of a bond is a privilege, and not a duty imposed upon the defendant. The court added that "the appellant was not required to file a surety bond for this purpose, but might have filed a personal bond for which no premium would have been required". For the same reasons the defendant in this case is not chargeable with the bond premiums.

The next disputed item is the charge for a copy of the plaintiff's deposition which was taken by the defendant in this state. The code provides that the officer taking such a deposition must deliver it to the clerk of the court either "through the mail or by some safe private opportunity". (Sec. 2032, Code Civ. Proc.) Thereafter, under certain conditions, it may be used in evidence. There is no requirement for one who takes a deposition to make a copy of it for any person. However, the use of copies of depositions is as common, or more common, than the use of copies of the transcripts of testimony given in court. They are obtained for the convenience of counsel in preparing for a trial. But the right to reimbursement for expenses depends upon the statutory provisions concerning costs and not upon the necessity, in the mind of the litigant, or his counsel, for the outlay. Hence, it has been held, the cost of a copy of the transcript on appeal is not chargeable as an item of costs, there being no authority or requirement therefor. (*Sime* v. *Hunter,* 55 Cal. App. 157 [202 Pac. 967]; *Kahn* v. *Kempner,* 66 Cal. App. 64 [225 Pac. 24].) The code provisions allowing the recovery of costs in the superior court compel a similar conclusion concerning the expense of a copy of a deposition.

Other challenged items represent amounts paid by the plaintiff in taking depositions which were not used at the trial. The plaintiff made a full showing concerning the neces-

sity for these depositions and the fact that the plaintiff did not offer them as evidence upon the trial does not necessarily indicate that he could have safely proceeded to trial without them. The necessity for such expenditures is always a question for the trial judge. (*Welch* v. *Alcott,* 178 Cal. 530 [174 Pac. 34]; *Simpson* v. *Gillis,* 1 Cal. (2d) 42 [32 Pac. (2d) 1071]), and the appellant has made no showing of any abuse of discretion in the determination of this question.

The order taxing costs is modified by striking therefrom the sum of $40 expended for premiums on the surety bonds and $24.20 for a copy of plaintiff's deposition; in all other respects it is affirmed, the appellant to recover its costs on the appeal from the order. The judgment is affirmed, respondent to recover his costs upon that appeal.

Shenk, J., Curtis, J., Langdon, J., Houser, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.