Margarita CELLARS, a California limited partnership, Plaintiff,

v.

PACIFIC COAST PACKAGING, INC., an Oregon corporation; Johnson Controls, Inc., a Wisconsin corporation; Schmalbach–Lubeca Plastic Containers USA, Inc., a Delaware corporation, Defendants.

No. C 99–1240 CRB.

United States District Court,
N.D. California,
San Francisco Division.

Dec. 23, 1999.

Hiawatha T. Roberts, Roberts & Stokes, Oakland, CA, for Plaintiff.

David W. Slaby, Peter P. Van Mieghem, McDermott, Will & Emery, Menlo Park, CA, for Defendants.

## MEMORANDUM AND ORDER

BREYER, District Judge.

Now before the Court is defendants' third motion to dismiss plaintiff's Complaint. On two prior occasions, plaintiff has amended its Complaint with leave of the Court.

## BACKGROUND

Plaintiff, Margarita Cellars, produces blended wine alcohol cocktails. Plaintiff contracted with defendant Pacific Coast Packaging ("Pacific"), a distributor, to supply Mar-garita Cellars with clear plastic bottles to package its product. Plaintiff alleges that the bottles supplied by Pacific on September 21, 1996 were defective because they bulged when filled.

In addition to Pacific, plaintiff has named two other corporate defendants in this action. Defendant Johnson Controls ("JC") manufactured the bottles that Pacific supplied to plaintiff. JC shipped the bottles directly to plaintiff. Defendant Schmalbach–Lubeca ("S–L") purchased a division of JC after the alleged breach. Plaintiff alleges that, at all times relevant to this action, S–L was in either direct or constructive control of JC's actions. Complaint ¶ 24.

This action was originally filed in state court, and was removed to federal court by defendants on March 16, 1999. Defendants moved to dismiss the initial Complaint, and on July 30, 1999, the Court dismissed the Complaint with leave to amend. On August 19, 1999, plaintiff filed a first amended Complaint, alleging seven new causes of action. Defendants again moved to dismiss, and plaintiff responded by filing a second amended Complaint. By oral order on October 15, 1999, the Court accepted as filed plaintiff's second amended Complaint and deemed defendants' second motion to dismiss moot.

Plaintiff's second amended Complaint alleges seven causes of action: (1) breach of written contract, (2) breach of oral contract, (3) breach of express warranty, (4) breach of implied warranty, (5) intentional interference with the performance of a contract (against JC), (6) intentional interference with the performance of a contract (against S–L), and (7) negligent interference with prospective economic advantage.

Defendants now move to dismiss the first, second, third, fifth, sixth and seventh causes of action in the second amended Complaint. In the alternative, defendants move for a more definite statement with regard to plaintiff's first and second causes of action.

## DISCUSSION

### I. LEGAL STANDARD

#### A. *Motion to Dismiss*

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely

granted. *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). The Court must construe the Complaint in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* However, although courts generally assume the facts alleged to be true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

### B. Motion for More Definite Statement

■ Federal Rule of Civil Procedure 12(e) provides that:

> [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous at a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e). Motions for a more definite statement are viewed with disfavor, and are rarely granted. *In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (Bankr. E.D.Pa.1986). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F.Supp. 1053, 1060 (N.D.Cal. 1988). Generally, the Court will require a more definite statement only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Delta Educ., Inc. v. Langlois*, 719 F.Supp. 42, 50 (D.N.H.1989) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376).

## II. DEFENDANTS' MOTIONS TO DISMISS AND FOR MORE DEFINITE STATEMENT

Defendants have moved to dismiss a number of plaintiff's claims. The Court will address each claim in turn.

### A. Breach of Written Contract

Defendants first urge the Court to dismiss plaintiff's breach of written contract claim for failure to comply with Federal Rule of Civil Procedure 8. In the alternative, defendants move for a more definite statement pursuant to Rule 12(e).

■ Federal Rule of Civil Procedure 8(a) provides that each pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) provides that "[e]ach averment of a pleading shall be shall be simple, concise, and direct." The Court may dismiss the claim for failure to comply with Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996); *Schmidt v. Herrmann*, 614 F.2d 1221 (9th Cir.1980) (a complaint which fails to comply with Rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Rule 41(b)).

■ Defendants argue that paragraph 7 of plaintiff's Complaint is composed of confusing and conclusionary language. In that paragraph, plaintiff alleges that it "entered into a written contract on its open book account" and that "the agreement was entered into orally, but was followed by a written memorandum." Complaint ¶ 7. Defendants argue that plaintiff's claims are confusing because they fail to indicate whether the contract was oral or written. Indeed, the Complaint indicates that the contract was both oral *and* written.

■■ Plaintiff's pleading is not confusing, and does not violate Rule 8. Plaintiff's allegation of both an oral and a written contract is merely an alternative pleading. A party may plead alternative theories of liability, even if those theories are inconsistent or independently sufficient. F.R.C.P. 8(e)(2). Further, a party may allege inconsistent factual allegations. *Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95 (2d Cir.1994). Plaintiff's Com-

plaint clearly indicates when the contract was made, what its terms are alleged to have been, and what action defendants took to breach it. The Court therefore denies defendants' motion to dismiss plaintiff's first cause of action, as well as defendants' alternative motion for a more definite statement.

### B. Breach of Oral Contract

Defendants next attack the adequacy of plaintiff's claim for breach of *oral* contract, alleging again that plaintiff's claims fail to satisfy the strictures of Rule 8. Defendants move to dismiss this cause of action, and, in the alternative, move for a more definite statement. As noted above, the Complaint's alternative allegations of oral and written contract are not unduly confusing, so the Court will not dismiss the claim on that basis.

■ Defendants complain that plaintiff's allegation of an "oral contract on its open book account," Complaint ¶ 8, is confusing legal gibberish. Defendants assert that an open book account may not be based on an oral contract. However, a review of California case law reveals the opposite. *See, e.g., Moss v. Underwriters' Report*, 12 Cal.2d 266, 273, 83 P.2d 503 (1938); *H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Bottling Corp.* 99 Cal.App.3d 711, 728, 160 Cal.Rptr. 411 (1979) ("Parties to a written *or oral* contract may ... provide that monies due under such contract shall be the subject of [a book] account between them.") (emphasis added).

While plaintiff's use of the terminology may leave something to be desired, the text of the Complaint is clear enough. Plaintiff has alleged that it entered into an oral contract with Pacific on August 15, 1996 for the sale of 30,000 plastic bottles, and that Pacific breached that contract on September 21, 1996 by delivering a defective product. This pleading survives scrutiny under Rule 8. Accordingly, the Court denies defendants' motion to dismiss, as well as their alternative motion for a more definite statement.

### C. Breach of Express Warranty

■ Plaintiff's third cause of action states a claim for breach of express warranty against both Pacific and JC. Defendants move to dismiss the claim against JC because plaintiff's Complaint fails to allege that plaintiff was in privity of contract with JC.

The parties debate whether privity of contract is a requirement for an express warranty claim under California law. As the California Supreme Court noted in *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 268 P.2d 1041 (1954), courts have traditionally required a showing of privity of contract in breach of express warranty actions. Over the years, however, California courts have developed a number of exceptions to the privity requirement. *Fundin v. Chicago Pneumatic Tool Co.*, 152 Cal.App.3d 951, 956 n. 1, 199 Cal.Rptr. 789 (1984). For instance, no privity is required in cases involving foodstuffs or in cases in which a manufacturer warrants its product in "labels or advertising material." *Burr*, 42 Cal.2d at 695–696, 268 P.2d 1041.

Plaintiff argues that these exceptions have swallowed the rule, and that California courts no longer require privity *at all* in express warranty cases. Indeed, a few post-*Burr* cases contain language which supports plaintiff's theory. *See Seely v. White Motor Co.*, 63 Cal.2d 9, 14, 45 Cal.Rptr. 17, 403 P.2d 145 (1965) ("Since there was an express warranty to plaintiff in the purchase order, no privity of contract was required."); *Hauter v. Zogarts*, 14 Cal.3d 104, 115, 120 Cal.Rptr. 681, 534 P.2d 377 (1975) ("Privity is not required for an action based upon an express warranty.") (citing *Seely, supra*). Neither *Seely* nor *Hauter* expressly overruled *Burr*, and, in *Seely*, the California Supreme Court even cited *Burr* for the proposition that privity was not required. Notably, both *Seely* and *Hauter* involved written warranties similar to advertisements and labels, and therefore arguably fall within *Burr's* exception to the privity rule. The broad language of *Seely* and *Hauter* narrows significantly when read in the context of the facts of the two cases.

Moreover, a number of cases decided after *Seely* in the California courts of appeal have noted the continuing validity of the privity requirement. *See, e.g., All West Electronics v. M–B–W*, 64 Cal.App.4th 717, 724, 75 Cal. Rptr.2d 509 (1998) ("The general rule is that

privity of contract is required in an action for breach of either express or implied warranty"); *Fieldstone Co. v. Briggs Plumbing Products, Inc.*, 54 Cal.App.4th 357, 367 n. 10, 62 Cal.Rptr.2d 701 (1997) ("As a general rule, privity of contract is a required element of an express breach of warranty cause of action.") (citing *Seely, supra*); *Fundin*, 152 Cal. App.3d at 957, 199 Cal.Rptr. 789. *See also AB Avnet EMG v. Sierra Semiconductor Corp.*, 1993 WL 280504, *4 (N.D.Cal.) (asserting that the "label or advertising" exception remains good law, but applies only when plaintiff is a consumer, not when plaintiff is a merchant). Based on a review of these recent cases, the Court concludes that privity of contract remains a requirement in express warranty actions.

In this case, the parties agree that there was no privity of contract between plaintiff and JC. Therefore, plaintiff can only state a claim against JC if it pleads one of the recognized exceptions to the general rule in *Burr*. Plaintiff's Complaint fails to do so. The Court therefore dismisses plaintiff's third cause of action against JC.

### D. Intentional Interference Claim Against Johnson Controls

 Defendants next move to dismiss plaintiff's claim against JC for intentional interference with performance of the contract. To recover in tort for intentional interference with the performance of a contract, a plaintiff must prove: (1) a valid contract between plaintiff and another party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 513 n. 5, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994).

Defendants argue that plaintiff's claims cannot possibly succeed, because "no one would believe" the Complaint's factual allegations. According to defendants, plaintiff's allegations that JC intentionally interfered with plaintiff's contract are "absurd," and should be rejected out of hand.

However, this is not a basis for the dismissal of a complaint. Even if plaintiff's factual allegations are unlikely, the Court must, for the purpose of a 12(b)(6) motion, assume them to be true. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations."). The Court may not dismiss plaintiff's claims on this basis.

Defendants also argue that the Complaint alleges only that JC acted negligently, not that it acted intentionally. However, even a brief glance at plaintiff's Complaint disproves defendants' argument. Paragraph 50 of the Complaint alleges that JC acted intentionally in performing each of its allegedly wrongful acts.

Accordingly, the Court denies defendants' motion to dismiss plaintiff's fifth cause of action.[1]

### E. Intentional Interference Claim Against Schmalbach–Lubeca

 Defendants next move to dismiss plaintiff's sixth cause of action, a claim against S–L for intentional interference with performance of the contract. The elements of this tort claim are noted in section II.D, above.

Defendants argue that S–L did not gain control of JC's plastic container division until several months after the alleged breach of contract occurred.[2] As a matter of logic,

---

1. Plaintiff concedes that it mistakenly named S–L as a defendant to the fifth cause of action. The Court therefore strikes the words " & Schmalbach–Lubeca" from page 10, line 11 of the Complaint.

2. Defendants submit a number of documents to support their claim that S–L did not acquire JC's plastic container division until after the alleged

breach had occurred. While these submissions may have evidentiary value, the Court may not consider them at this time. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478 (9th Cir.1991); *Don King Productions/Kingvision v. Lovato*, 911 F.Supp. 419, 421 (N.D.Cal.1995) ("Unless the Court converts the Rule 12(b)(6) motion into a summary judgment motion, the Court may not consider material outside of the complaint.").

they argue, S–L could not have induced the alleged breach, because the breach occurred before S–L ever became involved. A review of plaintiff's Complaint supports defendants' position. Indeed, the Complaint does not even allege that S–L had knowledge of the contract until February 1997, six months after the alleged breach. Complaint ¶ 54.

Plaintiff's claims against S–L rest on three specific factual allegations. First, plaintiff charges that, in February and March, 1997, S–L's agents visited plaintiff's bottling facility and falsely represented themselves to be agents of JC. Complaint ¶¶ 17–19. Second, plaintiff alleges that, after purchasing JC's plastic containers division, S–L "failed to remedy or make an attempt to remedy within a reasonable time the damages suffered by Margarita Cellars." Complaint ¶ 27. Third, plaintiff alleges that, "at all times mentioned" in the Complaint, S–L was "either in direct or constructive control of the actions of Johnson Controls." Complaint ¶ 24.

These three allegations fail to support plaintiff's claim against S–L. Neither of the first two allegations establish that S–L engaged in intentional acts designed to induce a breach or disruption of the contractual relationship between plaintiff and Pacific. *Applied Equipment Corp.*, 7 Cal.4th at 513, 28 Cal.Rptr.2d 475, 869 P.2d 454. Both S–L's misrepresentation and its failure to remedy plaintiff's damages occurred *after* the alleged breach of contract. Moreover, neither act involved Pacific, the party that S–L allegedly induced to breach the contract.

Plaintiff's third allegation, that S–L had constructive control over JC throughout the relevant period, also fails to support its claims. This allegation of constructive control is essentially a charge, with no factual support in the Complaint, that all of JC's acts should be imputed to S–L. The Court need not accept as true such conclusory allegations. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993). As noted above, the Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Watt*, 643 F.2d at 624.

Because the facts alleged in plaintiff's Complaint do not support the legal theory of intentional inducement, the Court hereby dismisses plaintiff's sixth cause of action.

### F. Negligent Interference with Prospective Economic Advantage

Finally, defendants move to dismiss plaintiff's claims of negligent interference with prospective economic advantage. Plaintiff has asserted this claim against both S–L and JC.

 In order to state a claim for relief based on interference with economic relationship, plaintiff must allege (1) an economic relationship between plaintiff and a third party or parties; (2) defendants' knowledge of that relationship; (3) negligent acts to disrupt that relationship; (4) wrongfulness of the interference "by some legal measure other than the fact of the interference itself"; (5) actual disruption of the relationship; and (6) economic harm proximately caused by the acts of defendants. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995).

### 1. Negligent Interference Claim Against JC

Defendants charge that plaintiff's Complaint fails to plead the first, second and fourth elements of the tort against JC.

#### a. Fourth Element: Wrongfulness

 Defendants first argue that plaintiff's Complaint fails to allege the fourth element of the tort: that JC's acts were "wrongful by some legal measure other than the fact of the interference itself." *Della Penna*, 11 Cal.4th at 392–393, 45 Cal.Rptr.2d 436, 902 P.2d 740; *National Medical Transportation Network v. Deloitte & Touche*, 62 Cal.App.4th 412, 439–440, 72 Cal.Rptr.2d 720 (1998) (requirement of independent wrongfulness applies to both intentional and negligent interference claims). An act is wrongful if it takes JC "out of the realm of legitimate business transactions." *Tri–Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg* 216 Cal.App.3d 1139, 1153–1154, 265 Cal.Rptr. 330 (1989). The "wrongfulness" requirement ensures that JC will not be held liable in tort unless plaintiff can show

"an intent to do something which takes the defendant's acts beyond those of a mere competitor securing business for himself." *A.F. Arnold & Co. v. Pacific Professional Ins., Inc.,* 27 Cal.App.3d 710, 716, 104 Cal.Rptr. 96 (1972). In other words, JC cannot be held liable for negligent interference when it was merely engaging in legitimate business.

 In this case, plaintiff successfully alleges that JC's acts were outside the realm of legitimate business. Plaintiff alleges that defendants breached an agreement, supplied a defective product, and refused to accept responsibility for its negligence. These acts are wrongful by a "legal measure other than the fact of the interference itself." *Della Penna,* 11 Cal.4th at 393, 45 Cal.Rptr.2d 436, 902 P.2d 740. Therefore, the Court may not dismiss plaintiff's claim on this ground.

### b. First and Second Elements: Relationships and Knowledge

 Defendants next charge that plaintiff's Complaint fails to properly plead the first and second elements of the negligence claim against JC. First, plaintiff does not allege that it had an economic relationship with any particular third party. Instead, the Complaint merely refers to plaintiff's generic obligations to "purchasers or vendors and its marketer." Complaint ¶ 63. Second, plaintiff fails to allege anywhere in the Complaint that JC had knowledge of plaintiff's relationships with third parties. Plaintiff's failure to allege these elements dooms its negligent interference cause of action.

In its Opposition papers, plaintiff requests leave of the Court to amend its Complaint to include allegations of specific economic relationships and JC's knowledge of those relationships. The Court hereby grants plaintiff leave to amend its Complaint to plead these elements, but the amendment must be narrowly focused. Plaintiff may amend only paragraphs 61 and 62 of the Complaint, and must file the amended Complaint by no later than 5:00 p.m. on December 23, 1999.

### 2. Negligent Interference Claim Against S–L

 Finally, defendants argue that plaintiff does not state a claim against S–L. Defendants point out that plaintiff's Complaint does not allege any particular negligence on the part of S–L. Indeed, in its seventh cause of action, plaintiff focuses almost entirely on the alleged acts of JC, hardly even mentioning the acts of S–L. The Complaint merely recites that S–L "failed to promptly fulfill the obligations of Johnson Controls [sic] warranty" and that it "misrepresented its true identity." Complaint ¶ 67. These allegations do not suffice to support a claim of negligence. Accordingly, the Court dismisses plaintiff's seventh cause of action against defendant S–L.

### CONCLUSION

In summary, the Court hereby ORDERS as follows:

1. Defendants' motion to dismiss and motion for a more definite statement regarding plaintiff's first cause of action for breach of written contract are hereby DENIED.

2. Defendants' motion to dismiss and motion for a more definite statement regarding plaintiff's second cause of action for breach of oral contract are hereby DENIED.

3. Plaintiff's third cause of action for breach of express warranty against defendant Johnson Controls is hereby DISMISSED with prejudice.

4. Defendants' motion to dismiss plaintiff's fifth cause of action for intentional interference against defendant Johnson Controls is hereby DENIED.

5. Plaintiff's sixth cause of action for intentional interference against defendant Schmalbach–Lubeca is hereby DISMISSED with prejudice.

6. Plaintiff's seventh cause of action for negligent interference against defendant Schmalbach–Lubeca is hereby DISMISSED with prejudice.

7. Plaintiff's seventh cause of action for negligent interference against defendant Johnson Controls is hereby DISMISSED WITH LEAVE TO AMEND. Plaintiff may amend paragraphs 61 and 62 of the Complaint to

allege particular economic relationships and defendants' knowledge of those relationships. The amended Complaint must be filed with the Court by no later than December 23, 1999.

IT IS SO ORDERED.